## S10Y1978, S11Y0364, S11Y0369. IN THE MATTER OF JOHN J. LIEB (three cases).

(709 SE2d 800)

PER CURIAM.

These disciplinary matters are before the Court on three Reports and Recommendations of the special master, Peter R. Olsen. These matters stem from separate formal complaints filed against John J. Lieb (State Bar No. 452039). The formal complaints charge violations of Rules 1.2 (a), 1.3, 1.4, 1.16 (d), 3.2 and 9.3 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for violations of Rules 1.2 and 1.3 is disbarment, and for Rules 1.4, 1.16 (d), and 3.2 the maximum sanction is a public reprimand. Lieb acknowledged service of the formal complaints, but failed to file timely answers as required by Bar Rule 4-212 (a). As to each complaint, the special master found the facts alleged and violations charged to be deemed admitted pursuant to Bar Rule 4-212 (a). The admitted facts show the following.

In the first matter, Lieb, who was admitted to the Bar in 1983, was retained in 2007 by a client to represent an inmate before the State Board of Pardons and Paroles and to negotiate a position in a work-release program, as well as a transfer to a different prison. The client paid Lieb $2,500 and provided documents to him, but Lieb took no action in the matter and did not contact the inmate. Lieb did not respond to the client's request for a refund of the fee and the return of the documents she had provided. Lieb did not respond to letters sent by the State Bar about the matter. Lieb did respond to the Notice of Investigation and stated that he would return the fee and documents, and explained that he was suffering personal problems and financial difficulties as a result of his failed marriage. However, Lieb never returned the fee or documents, and later claimed that the $2,500 was earned.

The second matter involved a client who retained Lieb to represent him in a criminal prosecution in the federal district court for the Northern District of Georgia. The client and his family paid Lieb $20,000. The client pled guilty, but Lieb abandoned the case after entry of the plea and did not appear at the sentencing hearing. Lieb failed to respond to communications from the client, the district court and the prosecutors assigned to the case. The district court issued a show cause order and directed Lieb to appear on October 2, 2009 to explain his conduct. Lieb was personally served the show cause order on September 18, 2009. On October 1, 2009 counsel for Lieb appeared and requested a continuance, which was denied. The following day Lieb's counsel informed the court by telephone that he did not expect that Lieb would attend and that counsel would also be unable to attend. The district court convened the show cause hearing

as scheduled, but Lieb did not attend. After Notices of Investigation were issued and service was acknowledged by Lieb's counsel, Lieb failed to file answers as required by Bar Rule 4-204.3 (a).

In the third matter, Lieb was retained to represent a client in a criminal case in superior court and was paid $1,000 by the client's mother. Lieb failed to appear at the arraignment or a scheduled status conference. Thereafter the client attempted to contact Lieb to prepare for his upcoming trial, but Lieb would not return the client's calls or otherwise communicate with him. Lieb did appear at trial, but did not bring with him any evidence that he had collected in support of the client's defense. The client ultimately pled guilty after conferring with a public defender. The trial court condemned Lieb for his failure to appear twice previously, and Lieb apologized and promised to return the $1,000, but has failed to do so. After Notices of Investigation were issued and service was acknowledged by Lieb's counsel, Lieb failed to file answers as required by Bar Rule 4-204.3 (a).

In connection with the first formal complaint, the special master held an evidentiary hearing in June 2010 to consider aggravating and mitigating factors. The hearing took place prior to the filing of the second and third formal complaints though the conduct at issue in those complaints had taken place in 2008 and 2009. At the hearing, Lieb testified that he was diagnosed with bipolar disorder in 1999 and during 2009 he had a flare-up that resulted in his being incapacitated and losing his car and his office. The previous year he had gone through a divorce and lost his home and was essentially homeless. He testified that he was taking the medication prescribed by his doctor, was currently capable, and had a minimum case load. He acknowledged that he had not done the work on behalf of the inmate that he had agreed to do, but also testified that he had worked on the matter, spending ten hours at an hourly rate of $300, so the work done on the case was worth more than the flat fee he had been paid. He also testified that he had never had a situation like this before and that he had always taken care of his clients.

The special master found as aggravating factors Lieb's prior disciplinary offense — a formal letter of admonition received in 1993, his pattern of misconduct in these matters, his refusal to acknowledge the wrongful nature of his conduct, and his indifference to making restitution. In mitigation the special master noted Lieb's bipolar mental disorder and the personal problems arising from his divorce, but also found that Lieb had known of his bipolar condition for many years and that imposed upon him an obligation to watch for its effects and to be prepared to respond and protect the interests of his clients. The special master also noted that Lieb could have formally withdrawn from representation of clients for medical rea-

sons and sought help from the State Bar's lawyer assistance program, but instead he just disappeared without notice to anyone and without taking steps to protect his clients' interests.

Although the special master's first Report recommended an indefinite suspension with conditions, it was issued before the second and third formal complaints were filed. The Reports issued on those complaints recommended disbarment as the appropriate sanction. Additionally, the Reports recommended that as a condition of readmission, Lieb refund the fees paid; demonstrate mental fitness to practice law by obtaining a statement from a physician licensed in Georgia describing the nature and extent of his impairment, the treatment he has undergone, any continued treatment necessary to maintain fitness, and certifying that he is fit to resume the practice of law; be subject to an independent medical evaluation to confirm the physician's report, if required by the State Bar, at his own expense; upon reinstatement complete an evaluation and assessment of his law practice management procedures through the State Bar's Law Practice Management Program; and upon reinstatement undergo periodic medical psychological evaluations at an interval recommended by the physician.

Having reviewed the records in these matters, including the special master's Reports and Recommendations, we conclude that disbarment with conditions for readmission is the appropriate sanction. Accordingly, it is hereby ordered that the name of John J. Lieb be removed from the rolls of persons authorized to practice law in the State of Georgia. Before he may petition for reinstatement Lieb must satisfy the conditions listed above. Lieb is reminded of his duties pursuant to Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED APRIL 26, 2011.

*Paula J. Frederick, General Counsel State Bar, Jonathan W. Hewett, Assistant General Counsel State Bar*, for State Bar of Georgia.

*Dwight R. Johnson*, for Lieb.