In the Supreme Court of Georgia

Decided:    October 20, 2014

S14Y0625. IN THE MATTER OF WILLIAM CHARLES LEA.

PER CURIAM.

This disciplinary matter is before the Court on the Report and Recommendation of the special master, John M. Hyatt, who recommends that Respondent William Charles Lea (State Bar No. 442006) be suspended for a period of six months, with conditions on reinstatement, for his violations of Rules 1.3, 1.4, 1.5, 1.16 (d), and 3.2 of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d).  A violation of Rule 1.3 may be punished by disbarment and the maximum punishment for the remainder of the rules is a public reprimand.

The State Bar filed a Formal Complaint against Lea encompassing two separate client complaints.  Lea, who was admitted to the State Bar in 2001, acknowledged service on November 20, 2012, but since he failed to timely answer the complaint the special master found him in default.  Accordingly, the facts alleged and violations charged in the complaint are deemed admitted, see

Bar Rule 4-212 (a). As deemed admitted, the facts show that, with regard to State Disciplinary Board ("SDB") Docket No. 6336, Lea was retained in October 2010 to give a client an opinion on the merits of a possible habeas corpus proceeding. After Lea determined that it would be meritorious, the client's family paid Lea $7,000 as fees (plus $150 in filing costs) to proceed with the matter, but Lea never filed the petition, and since March 2011 has not visited or corresponded with his client or returned the phone calls from the client's family. In October 2011 the client discharged Lea and hired new counsel, but Lea has not returned any of the fee paid by the client, little if any of which he earned.

The record further shows that with regard to SDB Docket No. 6337, Lea was retained in July 2010 to represent a client in a criminal case and was paid $10,000. Lea met with the client for about an hour and promised to return in a week. But Lea did not keep that promise and the client terminated the representation, requesting a refund of the fees paid. Although Lea promised in August 2010 to return the fees as soon as possible and repeatedly assured the client's family that he would refund the fees, to date, Lea has only refunded the client $1,000.

Based on these facts, the special master determined that Lea violated Rules 1.3, 1.4, 1.5, 1.16 and 3.2 with regard to his representation of these two clients. Although a violation of Rule 1.3 could result in disbarment, the special master noted in mitigation that Lea has no prior discipline and that he appears genuinely remorseful. In aggravation of discipline, the special master found that Lea had a selfish motive, this case involves multiple offenses and multiple clients and demonstrates a pattern of misconduct, Lea obstructed the disciplinary process, and Lea's victims were vulnerable. Ultimately, the special master recommended that the Court impose a six-month suspension, with reinstatement conditioned on the payment of restitution to the grievants in these cases.

Having reviewed the record, we find that the special master's recommendation of a six-month suspension with conditions on reinstatement is too lenient in light of the serious nature of the misconduct and the ongoing failure to make restitution. Accordingly, we hereby order that William Charles Lea be suspended from the practice of law in the State of Georgia for a period of three years, effective as of the date of this opinion, with his reinstatement contingent upon Lea paying restitution to the grievants or their authorized representatives in the amounts of $4,650 in SDB Docket No. 6336 and $9,000

in SDB Docket No. 6337. At the conclusion of the suspension imposed in this matter, Lea may seek reinstatement by demonstrating to the State Bar's Office of General Counsel that he has met the conditions on reinstatement. If the State Bar agrees that the conditions have been met, it will submit a notice of compliance to this Court, and this Court will issue an order granting or denying reinstatement. Lea is reminded of his duties under Bar Rule 4-219 (c).

Three year suspension with conditions. All the Justices concur, except Benham, J., who dissents.

S14Y0625.  IN THE MATTER OF WILLIAMS CHARLES LEA.

BENHAM, Justice, dissenting.

I dissent because I would impose a two-year suspension, and not a three-year suspension.