In the Supreme Court of Georgia

Decided:     October 5, 2015

S15Y1899.  IN THE MATTER OF WILLIAM CHARLES LEA.

PER CURIAM.

This matter is before the Court on the Report and Recommendation of the Special Master, John M. Hyatt, who recommends that Respondent William Charles Lea (State Bar No. 442006) be disbarred as a result of three consolidated State Disciplinary Board matters.  The State Bar attempted to serve the formal complaint on Lea personally at the address listed with the State Bar, but the sheriff filed a return of service non est inventus.  The State Bar then properly served Lea by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii), but Lea failed to file an answer as required by Bar Rule 4-212 (a), so the State Bar sought and obtained a default.  Accordingly, the facts and violations alleged in the formal complaint are deemed admitted.  Id.

As deemed admitted, the facts show that in the first matter Lea was hired and paid to represent a client in two driving under the influence cases.  Lea attended arraignments and filed motions on his client's behalf but subsequently

failed to communicate with the client on the status of the case. When the client received a notice to appear in court he contacted Lea, who told him he need not appear because Lea would appear for him. Neither the client nor Lea appeared, however, and the client was arrested on a bench warrant. He terminated Lea's representation and demanded a partial refund, but Lea did not respond. In the second matter, a client retained and paid Lea to file a habeas corpus action, but Lea failed to file the action, failed to respond to the client's attempts to contact him, and failed to refund any part of the fee paid to him. In the third case, a client hired and paid Lea to represent him in a matter but Lea did not work on the case, failed to respond to his client's attempts to contact him, and failed to refund the fee. The special master found that in each of these cases Lea's conduct violated Rules 1.2, 1.3, 1.4, 1.16, 3.2 and 8.4 (a) (4). See Bar Rule 4-102 (d). The maximum penalty for violating Rules 1.4, 1.16 and 3.2 is a public reprimand; the maximum penalty for violating Rules 1.2, 1.3 and 8.4 (a) (4) is disbarment. The special master found no factors in mitigation of discipline, and in aggravation, found prior discipline, including a current three-year suspension, see In the Matter of Lea, 296 Ga. 79 (764 SE2d 859) (2014), a 2014 Letter of Admonition and a 2014 Investigative Panel Reprimand; dishonest or selfish

2

motive; pattern of misconduct; multiple offenses; obstruction of the disciplinary process in bad faith by failing to comply with the rules; failure to acknowledge the wrongful nature of his conduct; vulnerability of the victims; and indifference to making restitution. Given the above facts and circumstances, the special master found disbarment to be the appropriate discipline. Neither party sought a Review Panel review so they have waived their right to file exceptions or request oral argument, see Bar Rule 4-217 (c). Therefore, the matter is ripe for this Court's review.

We have reviewed the record and agree with the special master that disbarment is the appropriate sanction in this matter. Accordingly, it hereby is ordered that the name of William Charles Lea be removed from the rolls of persons authorized to practice law in the State of Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

Disbarred. All the Justices concur.