302 Ga. 867
FINAL COPY

S17Y2016.  IN THE MATTER OF CAMERON SHAHAB.

PER CURIAM.

A special master was appointed over this disciplinary matter after we rejected a petition for voluntary discipline filed by Cameron Shahab (State Bar No. 135087). See In the Matter of Shahab, 300 Ga. 411 (794 SE2d 651) (2016). The special master issued a report recommending that Shahab be disbarred for multiple violations of the Georgia Rules of Professional Conduct in relation to his deficient representation and neglect of two unrelated clients. We accept that recommendation.

The record shows that Shahab acknowledged service of the complaint but failed to file a response, and is thus deemed to have admitted the facts alleged in the complaint, including the following. On or about July 14, 2014, one client paid Shahab $2,500 to help him apply for asylum. The client expressed that he wanted the application filed before his legal student resident status expired in

early October 2014. Shahab said he would have a draft application ready for the client's review by early August. In late August, the client asked about the delay, and Shahab responded that he would provide an update within a few days. Having not heard from Shahab, the client emailed Shahab on September 3, 2014, and asked why Shahab had not provided an update or a draft asylum application as promised. The client then sent a text message to Shahab in late September after Shahab failed to respond to the client's emails. Shahab responded and exchanged several text messages with the client, who reminded Shahab that the asylum application was due by October 2, 2014. Shahab replied, "No problem at all."

On September 30, 2014, Shahab told the client that he was dealing with a family health matter in another state, and reassured the client that he would submit the asylum application on time and would supplement the application afterward if necessary. Shahab later told the client that the application would be filed at the end of October. When no application was filed by January 5, 2015, the client emailed Shahab and threatened to file a report with the State Bar and take other actions if Shahab did not start the application within ten days. Shahab emailed the client weeks later and told the client that he would provide a draft

application and file it by January 31, 2015. When January 31 arrived, Shahab promised to provide a draft application within three days. Shahab never sent a draft application to the client, never filed an application for the client, and refused the client's demand for a full refund. The client later received a fee refund award through the State Bar's fee arbitration program.[1]

In May 2013, a second client paid Shahab $11,750 to help the client establish legal residence in the United States. The client provided Shahab with requested documentation over the succeeding months. In January 2014, the client made several phone calls to Shahab but could not reach Shahab because the number had been disconnected with no prior notice to the client. The client also sent a number of emails to Shahab. Shahab eventually responded, claiming to be out of the state caring for an ailing family member. During this time, Shahab failed to notify the client of a December 2013 immigration hearing, causing the client to miss it and resulting in a deportation order being issued against the client.

---

[1] At the time we rejected Shahab's petition for voluntary discipline in December 2016, we noted that the State Bar had confirmed that Shahab had not made payments toward satisfying this arbitration award. See In the Matter of Shahab, 300 Ga. at 412. There is no evidence in the record showing that he has since made any payments.

Shahab later told the client that he would file a motion to reopen the client's case and advised the client not to report for deportation in April 2014, because the motion to reopen would be the equivalent of an appearance. At approximately 2:30 p.m. on the scheduled date of deportation, Shahab contacted the client's wife and told her that the client had to appear in immigration court by 4:00 p.m., which the client did. Shahab had assured the client that he had filed the motion to reopen the client's case, but immigration authorities had no record of any such filing. The client's wife twice requested to meet with Shahab in May 2014, but he declined.

In July 2014, the second client met with another attorney, who asked Shahab to provide an accounting and copies of the documents filed in the case. In response, Shahab offered a partial refund to the client if the client did not terminate representation. Because the client had no money and had a newborn baby, he allowed Shahab to continue representing him. When the client's wife learned in December 2014 that immigration authorities had no record of a motion to reopen ever being filed, she asked Shahab to provide proof of filing. Shahab responded more than a month later, sending the client's wife an email with a PDF attachment that Shahab claimed showed the label for the packet he

sent to immigration authorities. Using the tracking number on the label, the client's wife determined that, as of January 26, 2015, the postal service had obtained an electronic notification that mail was to be sent to the postal service but no package had actually been delivered to the postal service. The client's wife sent Shahab a document from immigration authorities giving the client until March 24, 2015, to prove that a motion to reopen had been filed or face deportation. Shahab told the client's wife that he would provide proof to immigration authorities, there was no urgency in providing the documentation, and the client need not do anything in response to the immigration notice. Shahab also told the client's wife on March 16, 2015, that he would visit the immigration office that week to file the necessary motion. By March 20, the client obtained new counsel. Responding to new counsel's email, Shahab initially promised to deliver the paid filing fees ($3,000) to new counsel, but later refused to do so. The client later received a $11,750 fee refund award through the State Bar's fee arbitration program.[2]

---

[2] As with the first client, the State Bar confirmed that Shahab had not made any payments against the second client's fee award when Shahab's case was last before us. See In the Matter of Shahab, 300 Ga. at 412. There is no evidence in the record showing that he has since made any payments.

Based on these facts, the special master concluded that Shahab's conduct violated Rule 1.2 (lawyer shall consult with client on scope and objectives of representation), Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing client and shall not willfully abandon or disregard matter to detriment of client without just cause), Rule 1.4 (lawyer shall keep client reasonably informed about status and promptly comply with reasonable requests for information), Rule 1.16 (lawyer shall protect a client's interests when withdrawing representation), Rule 3.2 (lawyer shall make reasonable efforts to expedite litigation consistent with client's interests), and Rule 8.4 (a) (4) (lawyer shall not engage in professional conduct involving dishonesty, fraud, deceit, or misrepresentation). The maximum sanction for a violation of Rules 1.4, 1.16, and 3.2 is a public reprimand. The maximum sanction for a violation of Rules 1.2, 1.3, and 8.4 (a) (4) is disbarment.

Citing the ABA Standards for Imposing Lawyer Sanctions, the special master recommended that Shahab be disbarred because, inter alia, he committed multiple offenses of abandoning or neglecting his clients, his conduct caused or potentially caused serious injury to his clients, he knowingly deceived clients, and he ignored the gravity of the disciplinary process by failing to respond to the

6

complaint. Shahab received notice of the special master's report but failed to file a response.

Having reviewed the record and the special master's report, we agree that disbarment is the appropriate sanction in these circumstances, especially considering Shahab's refusal to make restitution to either client and dereliction of duties in matters of legal residence in this country, causing the second client to miss a court date and face deportation. See generally In the Matter of Raulin, 299 Ga. 283 (787 SE2d 691) (2016) (disbarring attorney who failed to diligently represent and communicate with client or provide refund); In the Matter of Lea, 297 Ga. 797 (778 SE2d 229) (2015) (disbarring attorney who failed to file pleadings for, respond to, or refund fees to clients); In the Matter of Lieb, 289 Ga. 168 (709 SE2d 800) (2011) (disbarring attorney who failed to take action on matters for, respond to, or refund fees to clients). Accordingly, it is hereby ordered that the name of Cameron Shahab be removed from the rolls of persons authorized to practice law in the State of Georgia. Shahab is reminded of his duties pursuant to Bar Rule 4-219 (c).

Disbarred. All the Justices concur.

Decided January 29, 2018.

Disbarment.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Andreea N. Morrison, Assistant General Counsel State Bar, for State Bar of Georgia.