## S07Y1030. IN THE MATTER OF FRANKLIN WHITAKER THOMAS.
### (651 SE2d 740)

PER CURIAM.

This disciplinary matter is before the Court on the Notice of Discipline for disbarment issued against Respondent Franklin Whitaker Thomas. As Thomas has failed to file a Notice of Rejection to the Notice of Discipline within the time set by Bar Rule 4-208.3 (a), Thomas is in default; has no right to an evidentiary hearing; and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b). Based on his conduct in two separate matters, the State Disciplinary Board found that Thomas violated Rules 1.3, 1.4, 1.5, 1.16, and 8.4 (a) (4) of Bar Rule 4-102 (d) of the Georgia Rules of Professional Conduct. The maximum penalty for a violation of either Rule 1.3 or 8.4 (a) (4) is disbarment while the maximum penalty for a violation of either Rule 1.4, 1.5 or 1.16 is a public reprimand.

*State Disciplinary Board ("SDB") Docket No. 5020*

In this matter, a client hired Thomas in February 2005 to represent her in a child support modification case. Thomas met the client in a restaurant, where he discussed the case with her and accepted a payment of $750 toward his $1,500 fee. Although the client telephoned and e-mailed Thomas repeatedly over a six-week period, Thomas rarely responded to the client's inquiries. When he did speak with her, he assured her that he had filed the petition for modification and that he was attempting to serve it on her ex-husband. After contacting the court and learning that Thomas had not filed the petition, the client fired Thomas. She also asked him to return her

client file and refund the fee, both of which Thomas failed to do. In addition, although Thomas was personally served with a Notice of Investigation, he failed to respond.

### SDB Docket No. 5090

In this matter, a client hired Thomas in May 2005 to represent him in an attempt to modify the conditions of a bond. Thomas met the client in a restaurant, discussed the case, and took $1,000 toward his $2,500 fee. Although the client repeatedly wrote, e-mailed, sent faxes to, and telephoned Thomas, the client never heard from Thomas again. In October 2005, Thomas was personally served with a Notice of Investigation in this matter. After Thomas failed to respond, this Court issued an interim suspension on December 28, 2005, suspending Thomas from the practice of law; the suspension was lifted on July 25, 2006 after Thomas' attorney filed an answer on Thomas' behalf.

We have reviewed the record in these matters and agree with the State Bar that Thomas should be disbarred for his violations of Rules 1.3, 1.4, 1.5, 1.16, and 8.4 (a) (4) of Bar Rule 4-102 (d) of the Georgia Rules of Professional Conduct. We find as aggravating factors Thomas' failure to respond to the State Bar or to the Investigative Panel during investigation of these matters; his apparent indifference to making restitution to either client; that the matters presented indicate a pattern of misconduct; and that at the time the Investigative Panel considered these matters, Thomas was not in good standing with the Bar for failure to pay his Bar dues and failure to complete his Continuing Legal Education requirement as required by the Bar Rules. Accordingly, Franklin Whitaker Thomas hereby is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED OCTOBER 9, 2007.

*William P. Smith III, General Counsel State Bar, Paula J. Frederick, Assistant General Counsel State Bar*, for State Bar of Georgia.