S09Y0253. IN THE MATTER OF RICHARD R. HARSTE.

(673 SE2d 235)

PER CURIAM.

This matter is before the Court on Respondent Richard R. Harste's Petition for Voluntary Discipline filed after the issuance of a Formal Complaint. In the petition Harste admits he violated Rules 1.15 (I) (a lawyer shall hold client's property separately from his own), and 1.15 (II) (a) (a lawyer shall maintain a trust account) and (b) (a lawyer shall not commingle personal funds with trust account) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). Harste seeks the imposition of a one-year suspension with conditions. The special master, Curtis Van Cheney, and the State Bar recommend the Court accept the petition.

In his petition, Harste admits he was an agent for Old Republic Title Insurance Company ("ORTIC") and was entrusted with numbered title insurance policy forms for possible issuance of title insurance policies and sharing of policy premiums he issued; Harste terminated his relationship with ORTIC but kept the unissued policy forms that the company had sent him; he did not return those forms nor did he otherwise account for forms that may have been lost, misplaced or destroyed; Harste issued policies but did not promptly report that to ORTIC, did not notify ORTIC of the receipt of premiums he collected and did not promptly remit portions of the premiums he collected that were owed to ORTIC; and Harste failed to properly account for premiums he collected and deposited into his trust account for policies he issued, failed to keep the funds in his trust account, withdrew them from his trust account, commingled his personal funds with the funds in his trust account and did not promptly remit the portion of premiums owed to ORTIC. Harste admits his conduct violated Rules 1.15 (I) and 1.15 (II) (a) and (b), and offers in mitigation that he has cooperated with the State Bar in

submitting his petition, that he has expressed sincere remorse for violating the rules, and that he has no prior disciplinary record.

Harste agrees to the following conditions along with the one-year suspension: he will submit to a complete audit by ORTIC of his title insurance policy records, including his attorney trust account records for open and closed accounts; he will make every effort to determine the location of all title insurance policy forms entrusted to him by ORTIC, including those he issued and those that may have been lost, misplaced or destroyed, and to determine the amounts of all title insurance policy premiums owed to ORTIC; he will remit to ORTIC all portions of all policy premiums he collected on all policies he issued or committed to be issued; he will cooperate in good faith with ORTIC regarding all title insurance policy forms entrusted to him, including making a diligent search of his records for policy forms and policies, issued or unissued; he will meet with designated representatives of ORTIC; he will promptly furnish documents and information reasonably requested by those representatives, including lost policy affidavits if needed; he will promptly surrender unissued forms and policies; he will promptly provide closing files to ORTIC so unissued policies may be issued by ORTIC; and he will promptly remit monies owed to ORTIC on policies he issued. Harste also agrees that in order to be reinstated after his suspension, he must file a petition for readmission with the Review Panel and serve the Office of General Counsel of the State Bar with a copy of the petition, to which the State Bar shall respond in writing. In his petition, Harste will show that he has complied with all the conditions set forth above and, after review of the petition and the State Bar's response, the Review Panel shall make a recommendation to the Supreme Court concerning Harste's readmission.

We agree that a one-year suspension is an appropriate penalty in this case. Accordingly, we accept Harste's petition for voluntary discipline and hereby order that he is suspended from the practice of law in the State of Georgia for a period of one year, with the conditions set forth above, which suspension shall commence upon entry of this order and shall terminate only upon Harste satisfying the conditions for readmission, also set forth above, and upon the Court's further order following review of the Review Panel's recommendation, but in no case less than one year following entry of the Court's order accepting his petition for voluntary discipline. Harste is reminded of his duties under Bar Rule 4-219 (c).

*One-year suspension with conditions; reinstatement upon conditions. All the Justices concur.*

DECIDED FEBRUARY 23, 2009.

*William P. Smith III*, General Counsel State Bar, *Jonathan W. Hewett*, Assistant General Counsel State Bar, for State Bar of Georgia.
*Bouhan, Williams & Levy, Anne A. Westbrook*, for Harste.