S10Y1528, S10Y1529. IN THE MATTER OF JAY HARVEY MORREY (two cases).
(700 SE2d 382)

PER CURIAM.

These matters are before the Court on the Report and Recommendation of the Special Master, Richard B. Chandler, Jr., that the Court accept the Petition for Voluntary Discipline filed by Respondent Jay Harvey Morrey. Morrey filed his petition after the State Bar filed Formal Complaints against him in two separate State Disciplinary Board Docket Numbers. In SDBD No. 5616 (S10Y1528) the State Bar alleged that Morrey violated Rules 1.2, 1.3, 1.4, and 1.16 (b). In SDBD No. 5617 (S10Y1529), the State Bar alleged that Morrey violated Rules 1.1, 1.2, 1.4, 1.7 (a), and 3.1 (a) and (b), all of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). Rules 1.4, 1.16 and 3.1 may be punished by a public reprimand and the remainder of the rules alleged may be punished by disbarment. In his petition Morrey admits violating Rules 1.2, 1.3, 1.4 and 1.16 in S10Y1528, and admits violating Rule 1.1 in S10Y1529, and asks for imposition of a suspension of 60 days to 18 months. The State Bar filed a response to the petition and recommended an 18-month suspension; the Special Master recommends a nine-month suspension.

*Case No. S10Y1528*

In this matter, Morrey represented a client regarding injuries sustained in an automobile accident and was retained in February 2007. In July 2007 he sent the client an e-mail informing her of a $3,000 settlement offer, discussing his demand letter for $43,953.40

and advising her to file a lawsuit. Morrey filed the lawsuit on his client's behalf in July 2007 but did not meet with her prior to filing the action. He did not prepare his client for her deposition and did not keep her reasonably informed about the case. Morrey dismissed the action without prejudice in October 2007 but did not discuss the dismissal with his client before filing it, nor did he obtain her permission to do so. Morrey never filed a motion to withdraw from the representation. In November 2007 Morrey sent a letter to the client telling her he would withdraw and dismiss the case without prejudice because after discovery he saw no factual basis to support continued prosecution. The defendant in the action moved for fees and expenses; Morrey filed a response on his behalf but not on his client's behalf, nor did he advise her to hire new counsel or file a response. Morrey did not inform his client about the hearing on the motion, and she did not attend the hearing. The trial court entered an order awarding fees against Morrey and the client for $5,238, but Morrey did not advise his client about the order. He filed an appeal from the order but only on his own behalf. The Court of Appeals denied the application; Morrey did not advise the client about the appeal or its resolution. The defendant served the client with post-judgment discovery requests. Ultimately, Morrey's firm paid the judgment.

## Case No. S10Y1529

A couple retained Morrey to review a leasing cap at a condominium unit, which they purchased as an investment, and to provide an opinion as to the effect of the cap on their qualification for treatment under Internal Revenue Code Section 1031. Morrey reviewed the documents provided to the couple and several, but not all, of the condominium rules and regulations, but he did not obtain a copy of the declaration of condominium rules and regulations. At the time Morrey had practiced law for two years and two months and had no significant experience in real estate law or transactions, so was not aware that any changes to the bylaws of a condominium association must be filed with the county before taking effect. No one had filed changes to implement the leasing cap and it was not in place when Morrey filed litigation on behalf of the couple. Morrey told his clients that the leasing cap was enforceable and that they could not use the property as rental property or as a Section 1031 exchange, so they sold the unit. The clients hired Morrey to file a lawsuit seeking to hold the sellers and condominium association liable for their loss on the unit, the loss of the tax advantage and other costs of the transaction. The trial court found the litigation frivolous as to three of the nine defendants and awarded fees under

OCGA § 9-15-14.

The Court agrees that a suspension is the appropriate sanction in these matters. Accordingly, we hereby order that Morrey be suspended from the practice of law for a period of 18 months from the date of this opinion. He is reminded of his duties under Bar Rule 4-219 (c).

*Eighteen-month suspension. All the Justices concur, except Melton, J., who dissents.*

DECIDED SEPTEMBER 20, 2010.

*Paula J. Frederick, General Counsel State Bar, Rebecca A. Hall, Assistant General Counsel State Bar*, for State Bar of Georgia.