*Daniele C. Johnson*, for appellee.

S14Y0029, S14Y0030, S14Y0031, S14Y0032. IN THE MATTER OF
LEAH ROCHELLE BROWN (four cases).
(755 SE2d 742)

PER CURIAM.

These disciplinary matters are before the Court on four Notices of Discipline seeking the disbarment of Leah Rochelle Brown (State Bar No. 088515). The State Bar attempted to serve Brown personally at the address listed with the State Bar, but the sheriff filed a return of service non est inventus. The State Bar then properly served Brown by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii). Brown failed to file a Notice of Rejection. Therefore, she is in default, has waived her rights to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b).

The facts, as deemed admitted by virtue of Brown's default, show that Brown, who was admitted to the Bar in 1988, agreed to represent four different clients in domestic relations cases and was paid attorney fees. However, in each case, she failed to adequately communicate with the client and completely abandoned the client's matter, to the detriment of the client. Additionally, she failed to file a sworn, written response to the Notice of Investigation issued in each matter. See Bar Rule 4-204.3.

The Investigative Panel found that by this conduct Brown violated Rules 1.2, 1.3, 1.4, 1.5, 1.16, 3.2, and 9.3 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.2 and 1.3 is disbarment; the maximum sanction for a violation of Rules 1.4, 1.5, 1.16, 3.2, and 9.3 is a public reprimand. In aggravation of discipline the Investigative Panel considered that these matters show an extensive pattern of client neglect.

Having reviewed the records, we conclude that disbarment is the appropriate sanction in these matters. Accordingly, it is hereby ordered that the name of Leah Rochelle Brown be removed from the rolls of persons authorized to practice law in the State of Georgia. Brown is reminded of her duties pursuant to Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED MARCH 3, 2014.

*Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar,* for State Bar of Georgia.

S14Y0296. IN THE MATTER OF ERIC JEROME CARTER.
(755 SE2d 743)

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary surrender of license filed by Respondent Eric Jerome Carter (State Bar No. 113916), who was admitted to the Bar in 2000. Carter filed the petition pursuant to Bar Rule 4-227 (b) before the filing of a formal complaint. He urges the Court to accept his petition in order to resolve three pending disciplinary matters in which he admits, collectively, to violating Rules 1.2, 1.3, 1.4, 1.15 (I), 3.2, and 8.4 (a) (4) of the Georgia Rules of Professional Conduct, see Bar Rule 4-102 (d). The maximum punishment for such violations is disbarment.

In his petition, Carter, who asserts that he has a prior disciplinary history consisting of a confidential letter of admonition in 2006 and a confidential reprimand issued by the Investigative Panel of the State Disciplinary Board in 2008, admits that in two separate matters he was appointed to represent defendants in post-conviction criminal proceedings and that although he timely filed appeals in these two cases, he failed to take sufficient steps to ensure that the necessary transcripts were transmitted to the court, failed to take the actions necessary to proceed with his clients' appeals, and, in one case, failed to communicate with his client about the status of his appeal, thereby causing harm to the client. Further, Carter admits that when one of those clients filed a grievance with the State Bar, he had interactions with representatives from the Bar in which he made misrepresentations. With regard to the third matter, Carter asserts that he represented an entire family in personal injury claims arising from an automobile accident in which the parents and their two children were injured. Carter filed suit in March 2010 after the family was not satisfied with the initial settlement offer. The father later authorized Carter to settle the claims for the originally-offered amounts provided that a chiropractor's bill would be reduced by 40%. The insurer sent Carter settlement checks and full releases for each client and in spite of the insurer's direction that the checks not be negotiated until the releases were executed, Carter deposited the checks into his trust account. Carter notified the father that he had received the checks, and negotiated some reductions of the family's