In the Supreme Court of Georgia

Decided:   February 1, 2016

S16Y0341.  IN THE MATTER OF JAY HARVEY MORREY.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of special master Matthew Tyler Smith, who recommends acceptance of the petition for voluntary surrender of license filed by Respondent Jay Harvey Morrey (State Bar No. 523494) after the issuance of a formal complaint.  See Bar Rule 4-227 (c).  In his petition, Morrey sought to resolve the formal complaint and another matter raised in a separate grievance.

Morrey, who was admitted to the Bar in 2002, admits that beginning in 2012 he undertook the representation of various individuals on a contingency basis but failed to prepare formal retainer agreements, failed to provide the clients with any writing describing his fees or expenses, and failed to maintain adequate records regarding his fee agreements.  Further, beginning in early 2014, Morrey admits that in multiple cases he appeared in court as the attorney for a party in a garnishment action, although he had strong suspicions that the

individual he represented was not in fact the actual party to the case and that he undertook no investigation to dispel his suspicions. Morrey asserts that no funds were ever released improperly in these garnishment cases and that opposing counsel brought the identity issues to the court's attention prior to the hearings. Morrey admits that, by the above described actions, he has violated Rules 1.1, 1.3, and 1.5 (c) (1). The maximum penalty for a violation of Rule 1.1 or 1.3 is disbarment, while the maximum penalty for a violation of Rule 1.5 (c) (1) is a public reprimand.

Morrey, who is currently on administrative suspension for failure to pay Bar dues and failure to meet continuing legal education requirements, asserts that the lapses discussed above resulted from his ongoing battle with depression and certain unspecified personal, emotional issues. Although he states that he is on the road to recovery, he admits that he is currently unable to devote the mental and emotional energy necessary to practice law. Therefore, he seeks to resolve the disciplinary matters by voluntarily surrendering his license to practice law in the State of Georgia. The State Bar raised no objection to Morrey's petition but noted that he has a prior disciplinary history. See In the Matter of Morrey, 287 Ga. 819 (700 SE2d 382) (2010).

We have reviewed the records and agree to accept Morrey's petition for voluntary surrender of his license, which is tantamount to disbarment. See Bar Rule 4-110 (f). It is hereby ordered that the name of Jay Harvey Morrey be removed from the rolls of persons authorized to practice law in the State of Georgia. Morrey is reminded of his duties pursuant to Bar Rule 4-219 (c).

<u>Voluntary surrender of license accepted. All the Justices concur.</u>