In the Supreme Court of Georgia

Decided:     June 20, 2016

S16Y0988, S16Y0989.  IN THE MATTER OF KURT A. RAULIN.

PER CURIAM.

These disciplinary matters are before the Court on the Notices of Discipline seeking the disbarment of Kurt A. Raulin (State Bar No. 595545). The State Bar attempted to serve Raulin personally at the address listed with the State Bar, which was a post office box, but Raulin did not acknowledge service of the disciplinary pleadings within 20 days of mailing.  The State Bar then properly served Raulin by publication, pursuant to Bar Rule 4-203.1 (b) (3) (ii). Raulin failed to file a Notice of Rejection as to either disciplinary matter. Therefore, he is in default, has waived his rights to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court, see Bar Rule 4-208.1 (b).

The facts, as deemed admitted by virtue of Raulin's default, show that, as to S16Y0988, Raulin was hired by a client to represent that client and three of the client's companies in the defense of a civil suit, but failed to abide by the

client's decisions regarding the scope and objectives of the representation, did not act diligently in his representation, and failed to communicate adequately with the client. Specifically, the facts show that Raulin filed a late answer to the civil complaint; that opposing counsel moved to strike the untimely answers and for default judgment and partial summary judgment; that Raulin filed 11 motions for extension of time to respond, which motions the court ultimately denied; that Raulin failed to respond to discovery or to attend depositions; and that the trial court granted the motions to strike and for default judgment as to three of the defendants in the civil case, granted the motion for partial summary judgment as to all four defendants, and awarded attorney fees and punitive damages. In S16Y0989, the facts show that a client hired Raulin in December 2014 to represent him in a garnishment action, and paid Raulin $500 for that representation. Raulin failed to abide by this client's decisions concerning the scope and objectives of the representation, failed to act with reasonable diligence in representing the client, and failed to promptly respond to the client, who was unable to reach Raulin between his hiring and March 2015, at which point Raulin informed the client he would refund the $500 payment, but failed to do so. Raulin's representation of this client also occurred while Raulin was

suspended for a prior disciplinary violation, see In the Matter of Kurt A. Raulin, S15Y0157, S15Y0158 (October 6, 2014). As to both disciplinary matters, the facts show that Raulin failed to respond to, or otherwise participate in, the disciplinary process.

Based on these facts, the Investigative Panel found probable cause to believe that, in S16Y0988, Raulin violated Rules 1.2, 1.3, 1.4, 3.2, and 9.3, all of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). As to S16Y0989, the Investigative Panel found probable cause to believe that Raulin violated Rules 1.2, 1.3, 1.4, and 9.3, along with Rules 1.16 (d), 5.5, and 8.4 (a) (4). The maximum sanction for a violation of Rules 1.2, 1.3, 5.5, and 8.4 (a) (4) is disbarment, and the maximum sanction for a violation of Rules 1.4, 1.16 (d), 3.2, and 9.3 is a public reprimand. In aggravation of discipline as to each of the matters, the Investigative Panel found that these two matters, taken together, show a pattern of misconduct and noted that Raulin had a prior disciplinary history, in which he had received an Investigative Panel reprimand in 2012; had been suspended by this Court from February 4, 2011 to February 25, 2011, see In the Matter of Kurt A. Raulin, S11Y0695; and had received a suspension from this Court in 2014 that remains in place, see In the Matter of

3

Kurt A. Raulin, S15Y0157, S15Y0158.

Having reviewed the record, we conclude that disbarment is the appropriate sanction in these matters. Accordingly, it is hereby ordered that the name of Kurt A. Raulin be removed from the rolls of persons authorized to practice law in the State of Georgia. Raulin is reminded of his duties pursuant to Bar Rule 4-219 (c).[1]

Disbarred. All the Justices concur.

---

[1] Raulin has three other disciplinary matters now pending in this Court (Case nos. S15Y1497, S15Y1498, and S16Y0017). Given his disbarment, these other matters will be transferred to inactive status, subject to being reopened should Raulin at any time petition for reinstatement.

4