302 Ga. 226
FINAL COPY

S17Y1842.  IN THE MATTER OF JAMES EDWARD WATKINS, SR.

PER CURIAM.

This matter is before the Court on the Report and Recommendations of the special master, Joseph A. Boone, recommending that James Edward Watkins, Sr. (State Bar No. 740430), a member of the State Bar of Georgia since 1996, be disbarred for multiple derelictions related to his deficient representation and abandonment of two unrelated clients.  Watkins was served with the formal complaints in these matters, but failed to file answers as required by Bar Rule 4-212 (a).  The special master therefore found Watkins in default and found the following facts admitted by default.  See id.

The first client retained Watkins in March 2015 to represent her in connection with a contempt action against her homeowners association ("HOA").  The client paid Watkins $500 to represent her.  Over several months, the client unsuccessfully tried to contact Watkins for an update on her case.  In

July 2015, the client went to Watkins's office to inquire about her case and, dissatisfied with his lack of work on the case, asked for a refund. Watkins replied to the client's request by sending her a letter demanding she never come to his office again. Subsequently, Watkins sent the client a bill for services, a copy of a June 20, 2015 letter from him to the HOA, and a copy of an undated contempt motion; the client was not copied on the June 20 letter allegedly sent to the HOA. Watkins told the client that he filed the motion for contempt and performed other work on the case that he did not do. Watkins never filed the contempt motion, failed to communicate with the client, and failed to take any action on the client's behalf.

In November 2015, Watkins was appointed to represent the second client at issue in a criminal case and entered an appearance. The client had an $8,000 bond at the time. Watkins filed a motion for bond reduction but failed to attend the hearing on the motion. Watkins visited the client only one time in jail and failed to respond to the client's multiple telephone calls and written correspondence. Watkins has not filed any other motions on the client's behalf. He failed to communicate with the client. He failed to take any other action on the client's behalf aside from filing the bond reduction motion. He failed to

2

communicate with the prosecutor regarding a plea offer on the basis that he was unsure if he represents the client anymore; the prosecutor is unable to directly contact the client because the client is still represented by Watkins. Watkins has failed to properly withdraw from representing the client, and the client apparently remains incarcerated and unindicted.

The special master concluded that by these actions, Watkins violated Rules 1.2, 1.3, 1.4, 1.5 (a) (4), 1.16, 3.2, and 8.4 (a) (4) of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.4, 1.5 (a) (4), 1.16, and 3.2 is a public reprimand. The maximum sanction for a violation of Rules 1.2, 1.3, and 8.4 (a) (4) is disbarment. The special master noted that Watkins was disciplined with a letter of admonition in 2015 for violating Rules 1.2, 1.3, 1.4, and 1.16 (d).

We agree with the special master that Watkins's multiple offenses, prior discipline, substantial experience in the practice of law, and disregard of the disciplinary process are aggravating factors. We also agree that disbarment is the appropriate sanction in these circumstances, especially considering Watkins's failure to make restitution to the first client and his abandonment of the second client in a criminal matter, possibly resulting in a longer period of

3

incarceration. See In the Matter of Raulin, 299 Ga. 283, 283-284 (787 SE2d 691) (2016) (disbarring attorney who accepted $500 from client but failed to diligently represent and communicate with client or provide refund); In the Matter of Lea, 297 Ga. 797, 797-798 (778 SE2d 228) (2015) (disbarring attorney who failed to file pleadings for, respond to, or refund fees to criminal and civil clients); In the Matter of Evans, 289 Ga. 744, 744-745 (715 SE2d 131) (2011) (disbarring attorney who accepted payments from clients, performed some work in an untimely or incompetent manner, misrepresented to client that he filed pleading that was never filed, became wholly unresponsive to clients, and failed to return unearned fees); In the Matter of Thomas, 282 Ga. 514, 514-515 (651 SE2d 740) (2007) (disbarring attorney who accepted payment from clients, became unresponsive, misrepresented to client he filed pleading that was never filed, abandoned client in bond modification case, and failed to refund fees).

Accordingly, it is hereby ordered that the name of James Edward Watkins, Sr., be removed from the rolls of persons authorized to practice law in the State of Georgia. Watkins is reminded of his duties pursuant to Bar Rule 4-219 (c). The State Bar's General Counsel is hereby directed to contact the prosecutor and

4

court involved in Watkins's second client's criminal case to advise them of the disposition of this matter and the need to promptly ensure new representation for that client.

Disbarred.  All the Justices concur.

Decided October 2, 2017.

Disbarment.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Andreea N. Morrison, Assistant General Counsel State Bar, for State Bar of Georgia.