303 Ga. 296
FINAL COPY

S18Y0559. IN THE MATTER OF WALTER LINTON MOORE.

PER CURIAM.

This disciplinary matter is before the Court on a Notice of Discipline seeking the disbarment of Walter Linton Moore (State Bar No. 693277) based on grievances filed by six clients. The State Bar served Moore personally, but he failed to file a Notice of Rejection. Therefore, he is in default, has waived his right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b). Moore is currently under interim suspension based on his failure to adequately respond to a separate Notice of Investigation. See In the Matter of Moore, S18Y0668 (Jan. 10, 2018). He is also under emergency suspension.[1]

The facts, as deemed admitted by virtue of Moore's default, show Moore's

---

[1] In response to the State Bar's Petition for Emergency Suspension, Moore filed a Voluntary Petition for Emergency Suspension, in which he acknowledged impairment and requested suspension pending resolution of this and another disciplinary proceeding involving grievances filed by other clients. This Court granted the petition on February 8, 2018. See In the Matter of Moore, S18Y0683 and S18Y0698.

abandonment of six different clients, each of whom had retained Moore to represent him or her in a domestic relations proceeding. In these proceedings, Moore failed to pursue the clients' matters diligently, failed to properly communicate with the clients, misled the clients, failed to respond to discovery, failed to appear at scheduled hearings, failed to refund unearned fees, and abandoned the clients to the clients' detriment. Additionally, Moore improperly conditioned the refund of an unearned fee to one client on the client's dismissal of the Bar grievance. Finally, in the Fee Arbitration proceedings related to one client, the fee arbitrators concluded that the evidence showed that Moore was impaired.

Based on these facts, the Investigative Panel found probable cause to believe that Moore violated Rules 1.1, 1.2, 1.3, 1.4, 1.5, 1.16, 3.2, 8.4 (a) (4), and 9.2 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.1, 1.2, 1.3, 8.4 (a) (4), and 9.2 is disbarment, and the maximum sanction for a violation of Rules 1.4, 1.5, 1.16, and 3.2 is a public reprimand.

In aggravation of discipline, the Investigative Panel found that Moore acted willfully and with a selfish motive; his actions demonstrate a pattern of misconduct and involve multiple offenses; and he has refused to acknowledge the

wrongful nature of his conduct.

Having reviewed the record, we conclude that disbarment is the appropriate sanction in this matter. See In the Matter of Brown, 294 Ga. 722 (755 SE2d 742) (2014) (disbarment for lawyer's violation of Rules 1.2, 1.3, 1.4, 1.5, 1.16, 3.2, and 9.3 in connection with abandonment of multiple clients); In the Matter of Roberts, 288 Ga. 478 (704 SE2d 805) (2011) (disbarment for lawyer's multiple violations of Rules 1.3, 1.4, 1.16, and 9.3 in connection with abandonment of clients). Accordingly, it is hereby ordered that the name of Walter Linton Moore be removed from the rolls of persons authorized to practice law in the State of Georgia. Moore is reminded of his duties pursuant to Bar Rule 4-219 (c).

Disbarred. All the Justices concur.

Decided March 5, 2018.

Disbarment.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Andreea N. Morrison, Assistant General Counsel State Bar, for State Bar of Georgia.