305 Ga. 522
FINAL COPY

S19Y0337, S19Y0338, S19Y0339, S19Y0340.  IN THE MATTER OF NEIL
LARSON (four cases).

PER CURIAM.

These disciplinary matters are before the Court on four Notices of Discipline seeking the disbarment of Neil Larson (State Bar No. 438468), based on grievances alleging that he abandoned various clients. The State Bar served Larson with each Notice of Discipline by publication, but he failed to file any Notices of Rejection. Therefore, he is in default, has waived his right to evidentiary hearings, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b). Larson is currently under interim suspension based on his failure to respond to a Notice of Investigation. See In the Matter of Larson, S19Y0168 (Sept. 19, 2018).

The facts, as deemed admitted by virtue of Larson's default, show that in three separate cases Larson agreed to represent clients in criminal matters; that those clients paid Larson in advance for the representation; that Larson nevertheless failed to consult with the clients concerning the scope of the

representation; that he failed to pursue the clients' matters diligently; that he failed to communicate with the clients; that he waived one client's rights without authorization; that he failed to respond to inquiries from his clients; that he failed to appear at scheduled hearings; and that he ultimately failed to refund unearned fees. Moreover, in one case, he made misrepresentations to the client's family about the status of the matter. With regard to the fourth case, it appears that, although Larson took on the representation of a client in a case in State Court, he failed to appear at hearings; failed to communicate with his client; and failed to respond to inquiries or notices from the court. In all four of the above matters, it appears that Larson abandoned his clients' cases to the detriment of those clients. And, although Larson was served by publication with the Notice of Investigation in each of these cases, he failed to submit a sworn response as required by Bar Rule 4-204.3.

Based on these facts, the Investigative Panel found probable cause to believe that Larson violated Rules 1.2 (a), 1.3, 1.4, 1.16 (d), 3.2, 8.4 (a) (4), and 9.3 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.2 (a), 1.3, and 8.4 (a) (4) is disbarment, and the maximum sanction for a violation of Rules 1.4, 1.16 (d),

3.2, and 9.3 is a public reprimand. In each case, the Bar sought disbarment as the appropriate discipline, citing in aggravation that Larson acted dishonestly in collecting a fee and abandoning his clients' cases; that he violated multiple rules of professional conduct; that he has multiple disciplinary actions currently pending against him, which shows a pattern of neglect; and that he has substantial experience in the practice of law, having been admitted to the Bar in 2000. Additionally, the Bar noted that Larson has prior disciplinary history, as he received an Investigative Panel Reprimand in January 2007, for violating Rules 1.15 (I), 1.15 (II), 4.1, and 8.4 (a) (4). The Bar cited no factors in mitigation of discipline.

Having reviewed the record, we conclude that disbarment is the appropriate sanction in this matter. See In the Matter of Moore, 303 Ga. 296 (811 SE2d 343) (2018) (disbarring attorney with no disciplinary history, who abandoned multiple clients and failed to respond in disciplinary proceedings); In the Matter of Levy, 284 Ga. 281 (664 SE2d 195) (2008) (same). Accordingly, it is hereby ordered that the name of Neil Larson be removed from the rolls of persons authorized to practice law in the State of Georgia. Larson is reminded

of his duties pursuant to Bar Rule 4-219 (b).

Disbarred. All the Justices concur.

Decided March 11, 2019.

Disbarment.

Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar, for State Bar of Georgia.