306 Ga. 109
FINAL COPY

S19Y0959.  IN THE MATTER OF PRESTON B. KUNDA.

PER CURIAM.

This disciplinary matter is before the Court on the petition for voluntary discipline filed by Preston B. Kunda (State Bar No. 430210) prior to the issuance of a formal complaint pursuant to Bar Rule 4-227 (b) (2).  Kunda, who has been a member of the Bar since 1996, seeks suspension for a period of not less than 90 days and not more than two years for his admitted violations of Rules 1.7, 1.8 (c), and 1.15 (I) (a) and (c) of the Georgia Rules of Professional Conduct found at Bar Rule 4-102 (d).  The maximum penalty for a violation of Rule 1.7 or Rule 1.15 (I) is disbarment; the maximum penalty for a violation of Rule 1.8 (c) is a public reprimand.  The State Bar has responded, recommending that the Court accept Kunda's petition and impose a 12- to 24-month suspension.  Upon review, this Court concludes that, under the circumstances presented, a 12-month

suspension is appropriate and accepts the petition for voluntary discipline.

In his petition, Kunda admits that, in 2014, he was retained to prepare a client's will, in the course of which he agreed to act as the estate's executor without having first obtained the client's written informed consent to the potential conflict of interest. While claiming he did not know so at the time, he now admits that this conduct violated Rule 1.7 (prohibiting lawyer from undertaking representation involving a conflict of interest, absent client's informed consent). Kunda admits further that, in connection with the sale of a gun collection for the same client, he accepted on the client's behalf a cash payment through a firearm broker for the $130,000 balance due, but did not count the cash upon its delivery, and the following morning deposited $117,000 into his trust account, thereby leaving $13,000 unaccounted for. Kunda maintains that this $13,000 was part of the payment ultimately owed for the broker's services and that he thereafter made arrangements to satisfy the debt with $13,000 worth of legal services and payments

to the broker. Kunda admits, however, that in failing to safeguard the money while it was in his possession, he violated Rule 1.15 (I) (a) and (c) (requiring lawyer to safeguard and account for client property held in connection with representation). Finally, Kunda admits that, in connection with the firearm sale and on the advice of a federal agency official, Kunda prepared a codicil to the client's will that was to take effect only if the client died prior to consummation of the gun sale. The codicil provided that Kunda was to inherit the gun collection and thereafter sell it, with the proceeds being paid to the will's beneficiary.[1] Kunda admits that, by preparing this codicil, he violated Rule 1.8 (c)'s prohibition on the preparation of instruments "giving the lawyer . . . any substantial gift."[2]

---

[1] According to Kunda, this codicil was designed to avoid the possibility that the gun collection would pass to the will's beneficiary, who disapproved of guns and did not wish to own them himself.

[2] Notwithstanding Kunda's admission that his preparation of the codicil constituted a Rule 1.8 (c) violation, it may well be that the bequest of the gun collection should be characterized as having effected a constructive trust rather than a "gift" for Rule 1.8 (c) purposes. On the scant record before us, which does not include a copy of the codicil itself, we cannot make this

In mitigation of his conduct, Kunda maintains that he has never previously been the subject of any disciplinary proceeding; that he has cooperated fully and in good faith with the State Bar in this matter; and that he is remorseful and will never again conduct himself in such manner. Accordingly, Kunda requests the imposition of a suspension for a period of not less than 90 days and not more than two years. The State Bar, while noting the serious nature of the violations, agrees that a suspension is proper, due to Kunda's remorse, cooperation, and lack of disciplinary history, and therefore recommends suspension for a period of between 12 and 24 months.

On the record before us, we agree that a suspension is appropriate and consistent with prior disciplinary action. See <u>In the Matter of Harste</u>, 285 Ga. 80 (673 SE2d 235) (2009) (12-month suspension for violations that could have resulted in disbarment, where attorney had no prior disciplinary history and was

determination. We thus make no finding as to whether Kunda's conduct in this regard constituted a Rules violation.

cooperative and remorseful); <u>In the Matter of Jones</u>, 280 Ga. 302 (627 SE2d 24) (2006) (12-month suspension for violation that could have resulted in disbarment, where attorney had no prior disciplinary history, had made restitution, was cooperative and remorseful, and had used practice for good of community).  See also American Bar Association Standards for Imposing Lawyer Sanctions Standard 4.12 (suspension appropriate when lawyer knows or should know he is dealing improperly with client property and causes client injury or potential injury); Standard 4.32 (suspension appropriate when lawyer knows of conflict of interest and does not fully disclose it to client, causing injury or potential injury).  Accordingly, we find that a 12-month suspension is the appropriate sanction in this case for Kunda's admitted violations of Rules 1.7 and 1.15 (I) (a) and (c).  Kunda is reminded of his duties under Bar Rule 4-219 (b).

<u>Petition for voluntary discipline accepted. Twelve-month suspension.  All the Justices concur.</u>

Decided June 3, 2019.

Suspension.

Freeman Mathis & Gary, Dana K. Maine, Sara E. Brochstein, for Kunda.

Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar, for State Bar of Georgia.