Per Curiam.
This disciplinary matter is before the Court on a Notice of Discipline seeking the disbarment of Lesley Annis (State Bar No. 019780) for several rules violations related to her abandonment of two clients. The State Bar attempted to serve Annis personally at the address she listed with the State Bar's Membership Department, but the State Bar investigator executed an entry of service non est inventus. The State Bar then properly served Annis by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii), but she failed to file a Notice of Rejection. Therefore, she is in default, has waived her right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b).
The facts, as deemed admitted by virtue of Annis's default, are as follows. In 2015, Annis agreed to represent a client in a Chapter 13 bankruptcy action in the United States Bankruptcy Court for the Northern District of Georgia. One of the client's creditors filed a motion for relief from the stay, and the motion came before the bankruptcy court on two occasions. The client and counsel for the creditor appeared at both hearings, but Annis did not. The bankruptcy court then scheduled a hearing to consider whether Annis was in contempt of court, but Annis failed to appear at that hearing as well. Accordingly, the bankruptcy court found that Annis had abandoned her client and barred Annis from further practice in the bankruptcy court until she addressed her failure to appear at the hearing as ordered in the client's case.
In 2016, Annis agreed to represent another client in a Chapter 13 bankruptcy action in the Northern District of Georgia, and the client paid Annis $5,000 in legal fees. However, the client was unable to reach Annis after January 17, 2017 to discuss his case, despite the fact that he called, sent texts and emails, and visited her office. The client then notified the bankruptcy court that he was unable to reach his lawyer. In addition, the client sent Annis termination letters in May 2017, but Annis failed to respond, and the bankruptcy *348 court terminated Annis as the client's counsel of record by order in June 2017. Although Annis was served with a Notice of Investigation by publication related to this disciplinary matter, she failed to submit a sworn response as required by Bar Rule 4-204.3.
The Disciplinary Board found as to both matters that, by her actions, Annis willfully abandoned the legal matters entrusted to her, to her clients' detriment; failed to abide by the clients' decisions concerning the scope and objectives of representation; failed to communicate with the clients and to keep them reasonably informed about the status of their bankruptcy cases; and charged the clients an unreasonable fee, as she took a fee to file both Chapter 13 bankruptcy cases, but did not complete either one. Accordingly, the Disciplinary Board found probable cause to believe that Annis violated Rules 1.2 (a), 1.3, 1.4, 1.5, and 9.3 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.2 and 1.3 is disbarment, and the maximum sanction for a violation of Rules 1.4, 1.5, and 9.3 is a public reprimand.
In aggravation for the level of discipline, see Bar Rule 4-208.2 (a) (4), the Disciplinary Board found that Annis acted dishonestly in collecting fees and abandoning her clients' cases; failed to respond to the Notice of Investigation in this matter (resulting in her current interim suspension); violated multiple rules of professional conduct; and had substantial experience in the practice of law, having been admitted to the State Bar in 2000.
Having reviewed the record, we conclude that disbarment is the appropriate sanction in this matter. Accordingly, it is hereby ordered that the name of Lesley Annis be removed from the rolls of persons authorized to practice law in the State of Georgia. Annis is reminded of her duties pursuant to Bar Rule 4-219 (b).
Disbarred.
All the Justices concur.