306 Ga. 618
FINAL COPY

S19Y0873.  IN THE MATTER OF CHRISTOPHER JOHN
THOMPSON.

PER CURIAM.

The State Bar of Georgia filed a notice of discipline, seeking the disbarment of attorney Christopher John Thompson (State Bar No. 707559). Thompson has failed to respond,[1] and he is now in default. By virtue of his default, he is deemed to have admitted the facts alleged in the notice of discipline, and he has waived his right to insist upon an evidentiary hearing and is subject to the discipline that this Court determines is appropriate. See Bar Rule 4-208.1 (b). We conclude that Thompson should be disbarred.

In the notice of discipline, the State Bar alleges that Thompson was retained in 2014 to file a personal injury lawsuit on behalf of a

---

[1] The State Bar attempted to serve Thompson personally with the notice of discipline, but he could not be found at the address on file with the State Bar. The State Bar then properly served Thompson by publication. See Bar Rule 4-203.1 (b) (3) (ii). Thompson defaulted when he failed to timely file a notice of rejection. See Bar Rule 4-208.3 (a). We note that Thompson is presently under an interim suspension, which we imposed after he failed to respond to an earlier notice of investigation issued by the State Bar. See In the Matter of Thompson, Case No. S18Y1485 (July 9, 2018).

client who had been injured in an automobile accident. Thompson filed the lawsuit in April 2014, but he thereafter abandoned his client. Indeed, other than a certificate acknowledging service of discovery that he filed in October 2014, Thompson filed nothing else in the lawsuit. The trial court eventually dismissed the lawsuit, and the client filed a grievance against Thompson in 2018. The State Bar asserts that Thompson by this course of conduct violated Rules 1.2 (a), 1.3, 1.4, 1.16, and 8.4 (a) (4) of the Georgia Rules of Professional Conduct.

We agree that the facts alleged in the notice of discipline show violations of Rules 1.2 (a), 1.3, 1.4, and 1.16 (d).[2] Violations of Rules

---

[2] We fail to see a violation of Rule 8.4 (a) (4) in the facts alleged by the State Bar. In particular, the State Bar has not alleged that Thompson engaged in any conduct intended or reasonably likely to mislead or deceive another. See In the Matter of West, 301 Ga. 901 (804 SE2d 340) (2017). Put another way, although the State Bar has alleged facts sufficient to show that Thompson abandoned his client, abandonment does not inevitably involve misleading or deceitful conduct (although it certainly could involve such conduct); and the State Bar has failed to allege facts sufficient to show that Thompson lied to or otherwise misled his client (or anyone else) about anything. We decline, therefore, to find a violation of Rule 8.4 (a) (4) on the facts alleged in the notice of discipline and admitted by Thompson by virtue of his default.

1.2 (a) and 1.3 are sanctionable by disbarment.[3] In prior cases comparable to this one, this Court has concluded that disbarment was an appropriate sanction for the abandonment of clients, especially when coupled with a failure to respond to disciplinary authorities.[4] See, e.g., In the Matter of Annis, 306 Ga. ___ (829 SE2d 346) (2019) (disbarring attorney who abandoned two clients and failed to respond to disciplinary authorities or to reject Notice of Discipline); In the Matter of Graham, 306 Ga. ___ (829 SE2d 67) (2019) (disbarring attorney who abandoned single client and failed to respond to disciplinary authorities or to reject Notice of Discipline); In the Matter of Larson, 305 Ga. 522 (826 SE2d 99) (2019) (disbarring attorney who abandoned four clients and failed to respond to disciplinary authorities or to reject Notice of Discipline); In the Matter of Brown, 294 Ga. 722 (755 SE2d 742) (2014) (same).

---

[3] The most severe sanction for a violation of Rules 1.4 and 1.16 is a public reprimand.

[4] Disbarment for abandonment of a client, especially where the lawyer has completely failed to respond to the disciplinary authorities, is appropriate even in the absence of a Rule 8.4 (a) (4) violation.

We also note the absence of any compelling mitigating circumstances in this case.

Having reviewed the record, we conclude that disbarment is the appropriate sanction in this matter. Accordingly, it is ordered that the name of Christopher John Thompson be removed from the rolls of persons authorized to practice law in the State of Georgia. Thompson is reminded of his duties pursuant to Bar Rule 4-219 (b).

Disbarred. All the Justices concur.

DECIDED AUGUST 19, 2019.
Disbarment.

4

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Wolanda R. Shelton, Assistant General Counsel State Bar*, for State Bar of Georgia.