311 Ga. 287
FINAL COPY

S21Y0684.  IN THE MATTER OF EARNEST REDWINE.

PER CURIAM.

This matter is before the Court on the report and recommendation of Special Master Patrick Head, recommending that the Court accept the petition for voluntary surrender of license filed by Earnest Redwine (State Bar No. 597610).

In July 2020, the Bar filed a Formal Complaint, alleging that Redwine had violated several provisions of the Georgia Rules of Professional Conduct in connection with his neglect of a client in a personal injury matter that resulted in the client's lawsuit being dismissed with prejudice.  Redwine did not file an answer to the Formal Complaint; instead, in November 2020, he filed a petition for voluntary surrender, admitting the essential allegations of the Formal Complaint.  The State Bar recommended that the petition be accepted.

Redwine has been a member of the Bar since 1992. The facts, as found by the Special Master and as admitted by Redwine, show the following. In December 2016, Redwine was retained to represent a client in pursuing a personal injury claim. Redwine falsely told his client that he was performing work on the matter, and although he filed an action the day before the statute of limitation was to expire, he failed to serve the defendant. After Redwine failed to appear at a calendar call, the defendant filed a motion to dismiss for lack of service. The trial court granted the defendant's motion and dismissed the action with prejudice. Redwine failed to inform his client about the dismissal, and when she learned about it, she filed a grievance. Redwine did not respond to the grievance or to the ensuing Notice of Investigation.

The Special Master determined that by this conduct, Redwine violated Rules 1.2 (a), 1.3, 1.4 (a), 3.2, 8.4 (a) (4), and 9.3 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The maximum sanction for a violation of Rules 1.2 (a), 1.3, and 8.4

(a) (4) is disbarment, and the maximum sanction for a violation of Rules 1.4 (a), 3.2, and 9.3 is a public reprimand.

The Special Master considered the ABA Standards for Imposing Lawyer Sanctions (1992), see *In the Matter of Morse*, 266 Ga. 652, 653 (470 SE2d 232) (1996), and we agree that the following aggravating circumstances are present: dishonest motive and substantial experience in the practice of law. See ABA Standard 9.22 (b), (i). We also agree that the only mitigating circumstance present is the lack of a prior disciplinary record, see ABA Standard 9.32 (a), although we note that Redwine is currently under an administrative suspension. Further, in recommending that the Court accept the petition for voluntary surrender, the Special Master noted disciplinary cases in which similar violations have resulted in disbarment. See *In the Matter of Bennett*, 307 Ga. 679 (837 SE2d 298) (2019); *In the Matter of Thompson*, 306 Ga. 618 (832 SE2d 334) (2019); *In the Matter of Annis*, 306 Ga. 187 (829 SE2d 346) (2019); *In the Matter of Jennings*, 305 Ga. 133 (823 SE2d 811)

(2019); *In the Matter of Garcia*, 303 Ga. 537 (813 SE2d 591) (2018); *In the Matter of Watkins*, 302 Ga. 226 (805 SE2d 816) (2017).

Having reviewed the record, we agree with the Special Master's recommendation and accept Redwine's petition for voluntary surrender of his license, which is tantamount to disbarment. See Bar Rule 1.0 (r). Accordingly, it is hereby ordered that the name of Earnest Redwine be removed from the rolls of persons authorized to practice law in the State of Georgia. Redwine is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Voluntary surrender of license accepted. All the Justices concur.*

Decided April 5, 2021.

Voluntary surrender of license.

*Paula J. Frederick, General Counsel State Bar, William D. NeSmith III, Deputy General Counsel State Bar, Jenny K. Mittelman, Andreea N. Morrison, Assistant General Counsel State Bar*, for State Bar of Georgia.