NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: May 17, 2022

S22Y0880. IN THE MATTER OF DAVID J. FARNHAM.

PER CURIAM.

This disciplinary matter is before the Court on the report and recommendation of Special Master La Vonda Rochelle DeWitt recommending that the Court accept the petition for voluntary surrender of license filed by respondent David J. Farnham (State Bar No. 255410), which he filed in lieu of an answer to a formal complaint filed in February 2022.[1] Farnham was admitted to the Bar in 1986 and has a substantial disciplinary history. See *In the Matter of Farnham*, 300 Ga. 645, 647 (797 SE2d 84) (2017) (accepting voluntary petition, imposing public reprimand, and

---

[1] Also before the Court is Farnham's motion to stay the Court's issuance of this opinion until a criminal jury trial scheduled for later this month for one of Farnham's clients is completed. Having reviewed Farnham's motion, the State Bar's response, and Farnham's reply brief, the Court denies the motion.

noting prior disciplinary history) ("*Farnham I*"). He also has a disciplinary matter pending. See *In the Matter of Farnham*, 312 Ga. 65 (860 SE2d 547) (2021) (in disciplinary matter involving formal complaint filed in 2019, vacating special master's report and recommendation, vacating Review Board's report and recommendation, and remanding to special master for further proceedings) ("*Farnham II*"). Following this Court's issuance of *Farnham II*, the State Bar filed the formal complaint at issue here, alleging numerous violations of the Georgia Rules of Professional Conduct ("GRPC"), see Bar Rule 4-102 (d), in connection with Farnham's representation of a different client, whose grievance was not at issue in *Farnham II*.

The facts, as admitted in Farnham's petition for voluntary surrender, are as follows. Farnham was retained by a client to pursue a personal injury claim for injuries suffered by her minor daughter in an automobile accident. The insurance carrier for the at-fault driver agreed to pay the policy limits of $250,000, and Farnham received those proceeds in June 2019 and deposited them

into his trust account. Farnham explained to his client that because her daughter was a minor, he would need to file a petition to compromise the claim of a minor in the probate court. Thereafter, Farnham failed to promptly file a petition in the probate court and failed to respond to many of his client's messages seeking information about the settlement proceeds. Farnham was briefly suspended from the practice of law by this Court for failing to adequately respond to a notice of investigation in an unrelated matter. See Case No. S20Y0901 (imposing suspension on March 3, 2020, and lifting suspension on June 19, 2020). During this time, Farnham explained to his client that he could not do anything while he was suspended. However, even after the suspension was lifted, Farnham failed to file a petition with the probate court. Farnham represented in his petition for voluntary surrender that the money remains in his trust account[2] and he admitted that by this conduct he violated Rules 1.2, 1.3, 1.4, and 3.2. The maximum sanction for a

---

[2] In his reply brief in support of his motion to stay, Farnham represents that he has sent a check for $250,000 from his trust account to his client's new counsel.

violation of Rules 1.2 and 1.3 is disbarment, and the maximum sanction for a violation of Rules 1.4 and 3.2 is a public reprimand.

The State Bar filed a response, recommending that the petition for voluntary surrender be accepted, and in a thorough report and recommendation, the Special Master recommended that the Court accept the petition for voluntary surrender, which is tantamount to disbarment.[3] See Rule 1.0 (r).

Having reviewed the record, we agree with the Special Master's recommendation and hereby accept Farnham's petition for voluntary surrender of his license, which is consistent with prior cases. See, e.g., *In the Matter of Redwine*, 311 Ga. 287 (857 SE2d 193) (2021) (accepting, upon recommendation of special master, petition for voluntary surrender of license following filing of formal complaint alleging misconduct in representation of client in personal injury matter); *In the Matter of Morrey*, 298 Ga. 435 (782

---

[3] The Bar, which did not charge Farnham with a violation of Rule 3.2, disputed that it applies to the conduct at issue, and the Special Master concluded that the rule was inapplicable. However, as the facts and violations admitted are more than adequate to support the petition for voluntary surrender, we need not determine the applicability of Rule 3.2 in this matter.

SE2d 444) (2016) (accepting, upon recommendation of special master, petition for voluntary surrender of license following filing of formal complaint and following filing of separate grievance). Accordingly, it is hereby ordered that the name of David J. Farnham be removed from the rolls of persons authorized to practice law in the State of Georgia. Farnham is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Voluntary surrender of license accepted. All the Justices concur.*