S05Y2095, S05Y2096, S05Y2097, S05Y2098, S05Y2099, S05Y2100. IN THE MATTER OF CHARLES F. PEEBLES (six cases).
(626 SE2d 488)

PER CURIAM.

These disciplinary matters are before the Court on the State Bar's Motion for Issuance of Order adopting the Notices of Discipline filed against Respondent Charles F. Peebles. The Motion was filed subsequent to Peebles' failure to respond to the Notices of Discipline for disbarment. The Notices were served by publication on November 11, 2005 and November 18, 2005 after the State Bar was unable to serve Peebles at the address Peebles had listed with the State Bar's membership department. As Peebles failed to file a Notice of Rejection to any of the Notices of Discipline within the time set by Bar Rule 4-208.3 (a), he is in default, has no right to an evidentiary hearing, and is subject to discipline and further proceedings as may be determined by this Court pursuant to Bar Rule 4-208.1 (b). Based on his conduct in the following matters, the State Bar found in the

Notices of Discipline that Peebles violated Rules 1.3, 1.4, 1.5, 1.15 (I), 1.15 (II), 1.16, 3.2, 8.4, and 9.3 of Bar Rule 4-102 (d) of the Georgia Rules of Professional Conduct. The maximum penalty for a violation of either Rule 1.3, 1.15 (I), 1.15 (II) (a) or (b), or 8.4 (a) (4) is disbarment, while the maximum penalty for a violation of either Rule 1.4, 1.5, 1.16, 3.2, or 9.3 is a public reprimand.

In Case No. S05Y2095, Peebles settled a lawsuit on behalf of two clients in or about August 2004 and received three settlement checks totaling $350,000 in September 2004. Peebles forged the endorsements on the settlement checks and converted the funds to his own use; failed to give an accounting to his clients regarding the funds; and told his clients that he had not received all of the funds even though he had in fact received the funds. In addition, although Peebles was personally served with a Notice of Investigation, he failed to respond. Based on this conduct, Peebles violated Rules 1.15 (I), 1.15 (II), 8.4, and 9.3 of Bar Rule 4-102 (d) of the Georgia Rules of Professional Conduct.

On or about March 7, 2004, Peebles settled a lawsuit on behalf of a condominium association in Case No. S05Y2096, and in April 2004 received funds totaling $700,000 on behalf of the association from the defendants in the lawsuit. From April 2004 to July 2004, Peebles held the funds without giving an accounting to his client and the client, after demanding payment on numerous occasions without success, retained an attorney to investigate the matter. On or about July 21, 2004, Peebles disbursed $100,000 to the client; agreed to pay $100,000 on or before July 31, 2004; agreed to pay $400,000 plus interest, costs, and expenses on or before August 14, 2004; and agreed to provide a deed to secure debt on his personal residence for his obligations to the client. However, as of November 2004, Peebles had only paid the client $458,000. In addition, although Peebles was personally served with a Notice of Investigation, he failed to respond. Based on this conduct, Peebles violated Rules 1.15 (I), 1.15 (II), 8.4, and 9.3 of Bar Rule 4-102 (d) of the Georgia Rules of Professional Conduct.

In 2003, Case No. S05Y2097, a client paid Peebles $750 as a retainer fee and an additional $3,000 for legal fees and expenses to represent the client in a civil matter against a building contractor. However, after October 4, 2004, Peebles failed to communicate with the client, did not advise the client of the status of his case, and abandoned the legal matter entrusted to him without just cause and to the client's detriment. In addition, although Peebles was personally served with a Notice of Investigation, he failed to respond. Based on this conduct, Peebles violated Rules 1.3, 1.4, 8.4, and 9.3 of Bar Rule 4-102 (d) of the Georgia Rules of Professional Conduct.

In Case No. S05Y2098, a client paid Peebles a $750 retainer fee plus $3,773.47 for legal fees and expenses in 2003. A mediation

hearing was held in the client's case in July 2004 and in or about August 2004, Peebles settled the case and received a settlement check for $28,250. Although Peebles received the full settlement amount, he informed the client that he only received partial payment and could not deliver the funds to her until he received the full amount. Peebles then forged the client's name on the check, converted the funds to his own use, and failed to deliver the funds or an accounting to the client. In addition, although Peebles was personally served with a Notice of Investigation, he failed to respond. Based on this conduct, Peebles violated Rules 1.15 (I), 1.15 (II), 8.4, and 9.3 of Bar Rule 4-102 (d) of the Georgia Rules of Professional Conduct.

In the fall of 2004, in Case No. S05Y2099, a client paid Peebles $750 as a retainer and an additional $3,512.50 for legal fees and expenses. Peebles, however, failed to pursue diligently the matter for which the client retained him and abandoned the legal matter entrusted to him without just cause and to the client's detriment. In addition, although Peebles was personally served with a Notice of Investigation, he failed to respond. Based on this conduct, Peebles violated Rules 1.3 and 9.3 of Bar Rule 4-102 (d) of the Georgia Rules of Professional Conduct.

In Case No. S05Y2100, Peebles was hired by a client on or about December 21, 2001 to represent her in claims involving the purchase of a home damaged by termites. The client paid Peebles $750 as a retainer and subsequently paid approximately $6,000 in legal fees. In March 2003, September 2003, and July 2004, the client and certain defendants attended mediation and at the July 2004 mediation agreed to settle the case with a payment of $20,000 to the client. In or about August 2004, Peebles received partial funds from the defendants but failed to promptly deliver the settlement funds to the client. On or about August 26, 2004, Peebles told the client that defendants paid approximately $10,000 to him but that he could not deliver the funds to her until he received the full amount. From the time of the settlement until October 2004, the client called Peebles frequently to inquire about the status of the funds and in October 2004, Peebles offered, but failed to deliver, $10,000 of the settlement funds to the client. He thereafter repeatedly informed the client that he would deposit funds directly into her bank account but failed to do so; failed to diligently pursue the matter for which the client retained him; failed to communicate effectively with the client; failed to earn the legal fees the client paid to him; failed to expedite the resolution of the legal matter; abandoned the legal matter to which he was entrusted without just cause and to the client's detriment; refused to give the client an accounting regarding the settlement funds; and failed to respond to the client's request for her file. In addition, although Peebles was personally served with a Notice of Investigation, he

failed to respond. Based on this conduct, Peebles violated Rules 1.3, 1.4, 1.5, 1.16, 3.2, 8.4, and 9.3 of Bar Rule 4-102 (d) of the Georgia Rules of Professional Conduct.

We have reviewed the record in each of these matters and agree with the State Bar that Peebles should be disbarred for his violations of Rules 1.3, 1.4, 1.5, 1.15 (I), 1.15 (II), 1.16, 3.2, 8.4, and 9.3 of Bar Rule 4-102 (d) of the Georgia Rules of Professional Conduct. We note in aggravation of discipline that the allegations of misconduct contained in these six Notices of Discipline taken together suggest a pattern of theft and client deceit. Accordingly, Peebles hereby is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED FEBRUARY 13, 2006.

*William P. Smith III, General Counsel State Bar, Rebecca Ann Hall, Assistant General Counsel State Bar,* for State Bar of Georgia.