NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided: May 31, 2023

S23Y0123. IN THE MATTER OF CRAIG S. BONNELL.

PER CURIAM.

This disciplinary matter is before the Court on a Notice of Discipline seeking a public reprimand for Craig S. Bonnell (State Bar No. 067267), based on his abandonment of a client. According to the Bar's notice of service, Bonnell, who has been a member of the Bar since 2001, was served personally with the Notice of Discipline. Because Bonnell failed to file a Notice of Rejection, he is in default, has waived his right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b). However, because it is not clear from the limited record before this Court that a public reprimand would be a sufficient discipline under these circumstances and

because the limited record does not make clear what might be the appropriate level of discipline, we reject this Notice of Discipline.

The facts, as deemed admitted by Bonnell's default, are that, on July 1, 2019, a client retained Bonnell and paid him $5,000 to assist her in her efforts to be appointed as a guardian/conservator for her ex-husband. On July 3, 2019, Bonnell filed – on behalf of the client and her daughter – a petition seeking the appointment of an emergency guardian and/or emergency conservator. On the same day, Bonnell presented the petition to a probate judge and engaged in an ex parte conversation with the judge concerning the merits of the petition. The judge then entered an order appointing counsel for the client's ex-husband, ordering that he submit to a medical examination, scheduling a hearing for July 8, 2019, and appointing the client and her daughter as pre-hearing emergency conservators for the ex-husband. Bonnell delivered the filed petition and the order to the client and informed her that she could take custody of her ex-husband.

However, Bonnell failed to effect proper service of the petition on the ex-husband, and when, the next day, the client went to her ex-husband's residence and attempted to take custody of him, the police were present and refused to allow her to take custody of him. The ex-husband's counsel obtained an emergency hearing for July 5, 2019, at which counsel and an appointed guardian ad litem argued that service had not been perfected and requested that the probate judge recuse herself because of the ex parte communication that had occurred between the judge and Bonnell on July 3. The judge agreed that proper service of the petition had not been effected, cancelled the hearing that had been scheduled for July 8, dismissed the petition that Bonnell had filed, and recused herself from any future proceedings.

Bonnell told the client that he would re-file the petition the next day, but he failed to do so, and he failed to respond to her subsequent inquiries regarding the status of the matter. After the client retained a new attorney and made numerous attempts to obtain her file from Bonnell, he failed to provide it to her and her

new attorney. Additionally, despite numerous requests from the client, Bonnell has failed to provide a detailed bill or any accounting of his costs, fees, and expenses. Finally, no guardian or conservator has been appointed for the ex-husband, despite a doctor's recommendation that such would be appropriate.

The Bar alleged that, by his misconduct, Bonnell had violated the following provisions of the Georgia Rules of Professional Conduct ("GRPC"), found in Bar Rule 4-102 (d): (1) Rule 1.1, by failing to perfect service of the petition and by failing to file a second petition after he told the client that he would do so; (2) Rule 1.4 (a) (4), by failing to respond to the client's requests for updates regarding the status of the matter following the dismissal of the petition; (3) Rule 1.15 (I) (c), by failing to provide the client with a detailed bill or any accounting of costs, fees, and expenses, despite her requests; and (4) Rule 1.16 (d), by failing to provide the client with her file or with an accounting that would show whether she was entitled to a refund. The maximum available sanction for a single violation of Rules 1.1 and 1.15 (I) is disbarment, and the

4

maximum available sanction for a single violation of Rules 1.4 and 1.16 is a public reprimand.

The Bar asserts that a public reprimand is appropriate because Bonnell has "violated multiple Rules that authorize the imposition of a public reprimand and one Rule that authorizes the imposition of disbarment," apparently failing to realize that he has actually violated two Rules with a maximum available sanction of disbarment and two Rules with a maximum available sanction of a public reprimand. The Bar further states that it found there to be no mitigating circumstances and that Bonnell has been subject to prior discipline, in the form of a Letter of Admonition in 2017. But the Letter of Admonition is not a part of the record in this case.

Despite Bonnell's default, because of a number of errors and uncertainties in the Bar's presentation of this matter, we do not have sufficient information to impose discipline at this stage. Although Bar Rule 4-208.1 provides that, when sanctioning a respondent in default on a Notice of Discipline, this Court "is not bound by the State Disciplinary Board's recommendation and may

impose any level of discipline it deems appropriate," the present record does not contain all of the facts that might be relevant to an assessment of the appropriate level of discipline. We have held that we may decline to exercise our discretion under Bar Rule 4-208.1 to impose discipline at variance with the Bar's recommendation and may instead reject the Bar's Notice of Discipline. See *In the Matter of Wadsworth*, 307 Ga. 311 (835 SE2d 632) (2019).

As noted, the Bar's filing misidentifies the number of provisions of the GRPC that Bonnell has violated that carry a maximum potential sanction of disbarment. It is also unclear from the Bar's filing how aggravating Bonnell's prior 2017 discipline should be, as the Bar provides no information regarding the misconduct that led to the imposition of discipline in that matter. Additionally, it is unclear at this stage whether Bonnell might owe the client any restitution.

Moreover, the Bar presents no authority suggesting that a public reprimand is appropriate discipline for Bonnell's misconduct. This Court has repeatedly disbarred attorneys in the last several

years for matters that appear to be materially similar to this one, involving the abandonment of a single client, a failure to respond adequately in the disciplinary proceedings, substantial experience in the practice of law, and no more than one prior instance of discipline. See, e.g., *In the Matter of Graham*, 306 Ga. 380 (829 SE2d 67) (2019); *In the Matter of Mays*, 303 Ga. 152 (810 SE2d 478) (2018); *In the Matter of Miller*, 302 Ga. 366 (806 SE2d 596) (2017). We do not suggest hereby that disbarment is necessarily the appropriate sanction in this matter; we do, however, suggest that, in any future attempts to seek to discipline Bonnell for the misconduct at issue here, the Bar should either seek a sanction more commensurate with the sanctions imposed by this Court in other similar cases or should more adequately explain why a lesser sanction is appropriate. We caution that, should the Bar seek the imposition of a more serious sanction on Bonnell than the one sought here, he should be given a renewed opportunity to respond to any such filing by the Bar.

Accordingly, despite Bonnell's default, we reject the Bar's notice of discipline.

*Notice of Discipline rejected. All the Justices concur.*