NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.

In the Supreme Court of Georgia

Decided:  October 11, 2023

S23Y0688, S23Y0918. IN THE MATTER OF RYAN CURTIS CLEVELAND.

PER CURIAM.

These disciplinary matters are before the Court on two Notices of Discipline filed by the State Bar of Georgia's State Disciplinary Board ("the Board") against Respondent Ryan Curtis Cleveland (State Bar No. 142377). The Notices of Discipline arise out of Cleveland's misconduct in the representation and abandonment of eight clients.[1] Cleveland, who was admitted to the State Bar in 2005,

___

[1] The grievances underlying S23Y0688 were filed in July and September 2022, and resulted in the initiation of four State Disciplinary Board Docket matters, SDBD Nos. 7679, 7680, 7681, and 7682. Following the State Bar's investigation, the Notice of Discipline was filed in March 2023 and sought a six-month suspension. The grievances underlying S23Y0918 were filed in February 2022, October 2022, and February 2023, and resulted in the initiation of four State Disciplinary Board Docket matters, SDBD Nos. 7708, 7709, 7710, 7711. Following the State Bar's investigation, the Notice of Discipline was filed in May 2023 and sought disbarment. Because of the similarity in the misconduct alleged, we consider the matters together and

is currently suspended as a result of his failure to respond to the Notice of Investigation underlying S23Y0688. See Bar Rule 4-204.3 (a), (d); Case No. S23Y0560 (Jan. 27, 2023). Additionally, Cleveland received a formal letter of admonition in January 2022 for misconduct similar to the misconduct charged here.[2] We agree that Cleveland's history of abandonment of clients and failure to participate in the disciplinary process warrants his disbarment.

Cleveland was properly served with the Notice of Discipline in each matter, but has not filed a Notice of Rejection in either case. Therefore, he is in default and has waived his right to an evidentiary hearing. See Bar Rule 4-208.1 (b). Additionally, by virtue of his default, the facts alleged in the Notices of Discipline are deemed admitted. See, e.g., *In the Matter of Bonnell*, 316 Ga. 460, 460 (888

---

focus on the sanction of disbarment recommended in S23Y0918. See Bar Rule 4-208.1 (b) (Court is not bound by the discipline recommended in a Notice of Discipline).

[2] Although the issuance of a formal letter of admonition is a form of confidential discipline, see Bar Rule 4-102 (b) (6), in the event of a later disciplinary proceeding, the confidentiality of the imposition of the prior confidential discipline is waived. See Bar Rule 4-208.

SE2d 523) (2023); *In the Matter of Blain*, 315 Ga. 475, 476 (883 SE2d 315) (2023).

The facts, as deemed admitted, are as follows. In the matter underlying State Disciplinary Board Docket ("SDBD") No. 7679, a client hired Cleveland in August 2019 to represent him in a divorce and custody case and paid Cleveland a $2,600 retainer. The client asked Cleveland to seek a temporary parenting plan so that he could have visitation with his daughter, whom he had not seen since June 2019. Cleveland failed to file any pleadings or motions in the client's case; failed to conduct discovery; refused to communicate with the client despite the client's repeated attempts; failed to notify the client that a final bench trial had been scheduled in August 2022; and failed to return the unearned fee.

With regard to each of the other seven matters, Cleveland was assigned to represent an indigent defendant pursuant to a contract with a county's public defender office. Cleveland failed to communicate with the clients, who were all incarcerated; failed to respond to requests for information from the clients and their

3

families; failed to file any substantive pleadings or motions for bond in the clients' cases; and repeatedly misled one client and the client's family about the status of the client's case. Additionally, Cleveland failed to notify his clients or the trial courts that he was suspended from the practice of law in January 2023 and was no longer able to represent them.

Based on these facts, the Board found probable cause to believe that Cleveland committed a single violation of Rule 1.5[3] and

---

[3] Rule 1.5 (a) provides that "[a] lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses."

multiple violations of Rules 1.1,[4] 1.2,[5] 1.3,[6] 1.4,[7] 1.16 (a) and (c),[8] 3.2,[9] 8.4 (a) (4),[10] and 9.3[11] of the Georgia Rules of Professional Conduct

[4] Rule 1.1 requires a lawyer to "provide competent representation to [his] client."

[5] In five matters, the Bar alleged violations of Rule 1.2, without specifying which of the four subparts of the rule was violated. In three other matters, it alleged violations of Rule 1.2 (a), which requires a lawyer to abide by his client's decisions concerning the scope and objectives of the representation, and in criminal matters, to "abide by the client's decision, after consultation with the lawyer, as to a plea to be entered, whether to waive jury trial and whether the client will testify." Based on the facts in the records, it appears that the Bar intended to charge violations of Rule 1.2 (a) in the five matters where the subpart was not specified.

[6] Rule 1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client."

[7] In each matter, the Bar alleged a violation of Rule 1.4 without specifying which subparts of the rule were violated. Based on the facts in the records, it appears that the Bar intended to charge violations of Rule 1.4 (a) (3) and (4), which provide that a lawyer shall "keep the client reasonably informed about the status of the matter" and shall "promptly comply with reasonable requests for information."

[8] Rule 1.16 (a) (1) and (2) provide that a lawyer shall withdraw from representation if the representation will result in a violation of the Georgia Rules of Professional Conduct or if "the lawyer's physical or mental condition materially impairs [his] ability to represent the client." Rule 1.16 (c) provides that when a lawyer withdraws, he shall do so "in compliance with applicable laws and rules."

[9] Rule 3.2 provides that "[a] lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client."

[10] Rule 8.4 (a) (4) provides that a lawyer shall not "engage in professional conduct involving dishonesty, fraud, deceit or misrepresentation." Certainly, Cleveland's knowing misrepresentations about the status of one client's criminal case supports the determination that he violated Rule 8.4 (a) (4). See, e.g., *In the Matter of Lawrence*, 315 Ga. 723, 725 n.1 (884 SE2d 377) (2023)

5

("GRPC"), found in Bar Rule 4-102 (d).[12] The maximum penalty for

a single violation of any one of Rules 1.1, 1.2, 1.3, and 8.4 (a) (4) is

---

(noting that violation of Rule 8.4 (a) (4) arose, in part, from lawyer's misrepresentation to client that matter was proceeding when in fact it was not). However, the Bar has not shown what facts support a violation of Rule 8.4 (a) (4) in the two other matters in which the violation was charged. It is possible that the Bar intended to charge one Rule 8.4 (a) (4) violation based on Cleveland's failure to return an unearned fee. We recently recited a special master's determination that a lawyer violated Rule 8.4 (a) (4) "because his retention of [a] client's $1,500 [fee] amounted to a dishonest and unlawful conversion of those funds." *In the Matter of Hardy*, ___ Ga. ___ (890 SE2d 770, 777) (2023). However, some of us have doubts that the failure to return unearned fees, without more, necessarily constitutes a violation of Rule 8.4 (a) (4), which is punishable by disbarment. The wrongful retention of unearned fees is typically charged only as a violation of Rule 1.16 (d), for which the maximum sanction is a public reprimand and which requires, in part, that a lawyer refund any unearned fee upon the termination of a representation. See, e.g., *In the Matter of Lain*, 311 Ga. 427, 432-433, 434-435 (2021) (reciting special master's determinations that attorney violated Rule 1.16 (d) by failing to refund unearned fee and violated Rule 8.4 (a) (4) when she filed a motion containing false information); *In the Matter of Starling*, 297 Ga. 359, 362-363 (2015) (agreeing with special master's report that determined, in part, that an attorney violated Rule 1.16 (d) by failing to refund an unearned fee). But in this case we need not decide whether the retention of an unearned fee constitutes a violation of Rule 8.4 (a) (4) where it is not clear that the Bar intended to assert that Cleveland violated that rule by his one instance of retaining an unearned fee. Accordingly, we rely on only one Rule 8.4 (a) (4) violation in our consideration of this matter.

[11] Rule 9.3 provides that during investigation of a Bar disciplinary proceeding against him, a lawyer shall respond to disciplinary authorities in accordance with State Bar Rules, which require that a lawyer file a written response to a notice of investigation. See Bar Rule 4-204.3.

[12] The Notices of Discipline set forth a number of factual allegations and summarily allege that Cleveland violated the enumerated rules. However, the Bar has not indicated what conduct constitutes a violation of which rule, and

disbarment, while the maximum penalty for a single violation of any one of Rules 1.4, 1.5, 1.16, 3.2, and 9.3 is a public reprimand.

In determining the appropriate level of discipline, the Board appropriately considered the ABA Standards for Imposing Lawyer Sanctions, including the existence of aggravating or mitigating factors. See *In the Matter of Morse*, 265 Ga. 353, 354 (456 SE2d 52) (1995), superseded by Rule on other grounds as stated in *In the Matter of Cook*, 311 Ga. 206, 214-215 (857 SE2d 212) (2021). We agree with the Board's determination that the following factors should be considered in aggravation: Cleveland's prior disciplinary record; his pattern of misconduct; his commission of multiple offenses; the vulnerability of his clients; his substantial experience in the practice of law; and his indifference to making restitution to

the specific rule violation is not always obvious from the facts in the records. Additionally, the Notices of Discipline fail to always specify the subsections of the rule that Cleveland is alleged to have violated. But see Bar Rule 4-208.2 (a) (2) (a notice of discipline "shall include" "the allegations of facts that, if unrebutted, support the finding" that the specific rules charged have been violated).

the client in SDBD No. 7679.[13] See ABA Standard 9.22 (a), (c), (d), (h)-(j). We have identified no factors in mitigation.[14]

Having reviewed the records in both cases, we conclude that disbarment is the appropriate sanction for Cleveland's misconduct in these matters and is consistent with the sanction imposed in similar cases. See *In the Matter of Proctor*, 313 Ga. 637 (872 SE2d 691) (2022) (disbarring attorney who abandoned clients in civil and criminal matters and was found in default in disciplinary

---

[13] The Board also cited Cleveland's failure to respond to the grievances and Notices of Investigation as a factor in aggravation. See ABA Standard 9.22 (e) (identifying as a factor in aggravation "bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency"). However, as noted above, Cleveland was charged with violating Rule 9.3 for failing to respond to the Notices of Investigation, and we generally decline to rely on specific conduct in aggravation of discipline when that same conduct is also charged as a violation of the GRPC. See, e.g., *In the Matter of Eddings*, 314 Ga. 409, 418 n.3 (877 SE2d 248) (2022). Moreover, the State Bar rules do not *require* that a lawyer respond to a grievance. See Bar Rule 4-202 (c) (Bar's investigation into grievance "may include forwarding information received to the respondent so that the respondent *may* respond") (emphasis supplied).

[14] Although the Board considered in mitigation that Cleveland "appears to be suffering from some undefined personal or emotional problems," there is no indication in the records about what led the Board to this supposition. While a lawyer's personal and emotional problems may be a factor in mitigation, see ABA Standard 9.32 (c), we decline to consider it as a mitigating factor in the absence of any evidence in the record supporting such a claim.

proceedings); *In the Matter of Powell*, 310 Ga. 859 (854 SE2d 731) (2021) (disbarring attorney who abandoned client in criminal matter and was found in default in disciplinary proceedings); *In the Matter of Larson*, 305 Ga. 522 (826 SE2d 99) (2019) (disbarring attorney who abandoned clients in criminal matters and was found in default in disciplinary proceedings). Accordingly, it is hereby ordered that the name of Ryan Curtis Cleveland be removed from the rolls of persons authorized to practice law in the State of Georgia. Cleveland is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Disbarred. All the Justices concur.*