**NOTICE: This opinion is subject to modification resulting from motions for reconsideration under Supreme Court Rule 27, the Court's reconsideration, and editorial revisions by the Reporter of Decisions. The version of the opinion published in the Advance Sheets for the Georgia Reports, designated as the "Final Copy," will replace any prior version on the Court's website and docket. A bound volume of the Georgia Reports will contain the final and official text of the opinion.**

In the Supreme Court of Georgia

Decided: December 10, 2024

S24Y1164, S24Y1165, S24Y1166, S24Y1167.  IN THE MATTER OF MICHAEL FREDERICK GREENE.

PER CURIAM.

These four disciplinary matters are before the Court on a Notice of Discipline that seeks the disbarment of respondent Michael Frederick Greene (State Bar No. 307901), who has been a member of the State Bar since 1993, based on his misconduct in the representation and abandonment of three clients. Greene is currently suspended pursuant to an interim order based on his failure to adequately respond to the State Bar's Notice of Investigation, pursuant to State Bar Rule 4-204.3 (d). See Case No. S24Y0958 (Apr. 23, 2024). We agree with the State Bar that Greene's abandonment of clients and failure to participate in the instant proceedings warrant disbarment.

The Notice of Discipline issued by the State Bar in these proceedings was properly served on Greene by publication after he failed to acknowledge service within 20 days of a mailing to his official address registered with the State Bar of Georgia's Membership Department pursuant to Bar Rule 4-203.1 (b) (3) (ii). As Greene failed to file a Notice of Rejection to the Notice of Discipline within the time set by Bar Rule 4-208.3 (a), he is in default, has no right to an evidentiary hearing, and is subject to discipline and further proceedings as may be determined by this Court pursuant to Bar Rule 4-208.1 (b).

The facts, as deemed admitted, are as follows. In the matters underlying State Disciplinary Board Docket ("SDBD") numbers 7598 and 7627, Greene received $10,000 from a father to represent his daughter for the limited purpose of a bond hearing in Jones County Superior Court. Accordingly, in June 2020, Greene filed a limited entry of appearance for purposes of seeking bond on behalf of the client. In November 2020, along with other motions, Greene filed a notice of appearance when the client was indicted. While the

client was incarcerated, Greene was often unavailable when she would call him for case updates. During one telephone conference with the prosecutor and investigator assigned to the client's case, Greene used profane language and was so disruptive while yelling at his family members that the prosecutor rescheduled the conference. Greene failed to attend the rescheduled case conference.

On April 8, 2021, the client, who remained incarcerated, came before the Superior Court for a trial calendar call, and despite receiving notice, Greene failed to attend the hearing and did not notify the court of any conflicts, nor did he file a conflict letter. The Superior Court was notified that the client and her father had not heard from Greene in several months despite many attempts to communicate with him. When court personnel attempted to contact Greene, he did not respond. The hearing was rescheduled, but Greene still failed to appear, and court personnel, the prosecutor, and the client's father were all unsuccessful in contacting Greene. The trial court then sent a notice for Greene to appear for a show cause hearing, but he failed to attend the show cause hearing that

was before another Superior Court judge. During the show cause hearing, the judge learned that not only had Greene abandoned the case, but, in the words of a prosecutor who appeared at the hearing, he exhibited "rather bizarre behavior" during a meeting with the prosecutor, investigators, and the client. The court appointed an assistant public defender to represent the client because she could not afford another attorney, and the client terminated Greene's representation.

Early on in the investigation, the client told Greene she wanted to cooperate with the prosecuting attorney by offering evidence that may assist in the investigation, but due to Greene's abandonment, her willingness to be a cooperating witness was never conveyed to the prosecutor, and, instead, the co-defendant provided information against the client, which resulted in the co-defendant negotiating a plea agreement.

With regard to SDBD No. 7793, in May 2020, Greene was retained to represent a client in a criminal case in Gwinnett County Superior Court, and he charged the client $15,000. While

4

incarcerated, the client attended the first court appearance with Greene in May 2020, and in July 2020, she was released from jail on bond. Greene last visited the client two days prior to her release from jail, and in September 2020, the client reached out to Greene for a status update on her case. After the September 2020 conversation, the client never heard from Greene again. Greene failed to notify the client of her arraignment hearing in May 2021, and he failed to attend the hearing. He also never obtained or explained discovery to the client, and he never shared any plea offers with the client. The client attempted to reach Greene on numerous occasions, but he never responded, and she had to retain new counsel to resolve her case.

Finally, with regard to SDBD No. 7880, in July 2023, a client retained Greene to investigate the incarceration of her father who was an inmate at a federal prison in Georgia. The scope of the representation included an investigation into why the federal prison was holding the father in isolation; whether the father was charged with new crimes; and whether it was legal for the federal prison to

return or withhold an inmate's mail. Greene agreed to conduct the investigation for a flat fee of $500 and to provide answers within a few days. The client immediately paid the fee and sent a text message to remind Greene to send her a receipt and "something formal . . . with things clear in writing." Greene did not send her the requested receipt and failed to send a retainer or legal services agreement. The day after receiving payment, Greene responded to the client's inquiry regarding prison mail, and after learning from Greene that the prison's actions regarding her father's mail were illegal, the client filed a complaint with the regional department of the federal prison. At a later date, Greene notified the client that he was not actually successful in contacting the federal prison, and she determined that Greene had not completed any of the tasks for which he was retained. The client then requested a full refund; Greene advised that he did not give refunds and that he was closing the case (although he later offered to refund her $200, which she declined).

Based on these facts, the State Disciplinary Board found

6

probable cause to believe that Greene violated Rules 1.2 (a),[1] 1.3,[2] 1.4 (a) (3) and (4),[3] 1.5 (a),[4] 1.16 (d),[5] and 3.2[6] of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d).[7] The maximum

---

[1] Rule 1.2 (a) provides that "a lawyer shall abide by a client's decisions concerning the scope and objectives of representation and . . . shall consult with the client as to the means by which they are to be pursued."

[2] Rule 1.3 provides that "[a] lawyer shall act with reasonable diligence and promptness in representing a client. Reasonable diligence as used in this rule means that a lawyer shall not without just cause to the detriment of the client in effect willfully abandon or willfully disregard a legal matter entrusted to the lawyer."

[3] Rule 1.4 (a) provides that "a lawyer shall . . . (3) keep the client reasonably informed about the status of the matter; [and] (4) promptly comply with reasonable requests for information[.]"

[4] Rule 1.5 (a) provides that "[a] lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses[.]"

[5] Rule 1.16 (d) provides "[u]pon termination of representation, a lawyer shall take steps to the extent reasonably practicable to protect a client's interests, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned."

[6] Rule 3.2 provides that "[a] lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client."

[7] The Board also found with regard to SDBD No. 7598 and 7627 that Greene had "violated" Bar Rule 4-104 (mental illness, cognitive impairment, alcohol abuse, or substance abuse, to the extent of impairing competency as a lawyer, shall constitute grounds for removing a lawyer from the practice of law). However, Greene's alleged bizarre and disruptive behavior alone do not constitute grounds for removing a lawyer from the practice of law under this Bar Rule. Compare *In the Matter of Healy*, 308 Ga. 658, 659-660 (842 SE2d 844) (2020) (accepting attorney's petition to surrender his license where he sought and obtained an alcohol and drug evaluation and submitted the written results thereof to the State Bar and a health care provider, then confirmed the

penalty for a violation of each Rule is disbarment, except Rules 1.4 (a) (3) and (4), 1.5 (a), 1.16 (d), and 3.2 where the maximum penalty is a public reprimand.

In determining the appropriate level of discipline, the Board appropriately considered the ABA Standards for Imposing Lawyer Sanctions, including the existence of aggravating or mitigating factors. See *In the Matter of Morse*, 265 Ga. 353, 354 (2) (456 SE2d 52) (1995), superseded by rule on other grounds as stated in *In the Matter of Cook*, 311 Ga. 206, 214-215 (1) (857 SE2d 212) (2021). We agree with the Board's determination that the following factors should be considered in aggravation: Greene's prior disciplinary history, see *In the Matter of Greene*, 293 Ga. 897 (750 SE2d 367) (2013) (accepting petition for voluntary discipline and imposing 18-month suspension based on his admitted violations of Rules 1.3, 1.4,

findings of the earlier assessment and opined that the condition would impair his ability to practice law, and, thus, he "admitted the existence of sufficient grounds for his permanent removal from the practice of law under Bar Rule 4-104"). See also *In the Matter of Briley-Holmes*, 304 Ga. 199, 208 n.9 (815 SE2d 59) (2019) (noting that "[r]emoval from practice for mental incapacity [under Rule 4-104] . . . is not the same thing as a disciplinary sanction imposed for misconduct").

8

1.15 (I), 1.15 (II), 1.16 (d), and 8.4 related to two client matters); his pattern of misconduct; his commission of multiple offenses; his substantial experience in the practice of law; and his obstruction of the disciplinary proceedings in bad faith based on his failure to respond to the Notice of Investigation and his failure to appear for a mental health evaluation as directed by the Bar. See ABA Standards 9.22 (a), (c)-(e), (i). The Board has not identified any factors in mitigation that are supported by the record, and we see none.[8]

The Board also noted that ABA Standard 4.4, which applies to violations of Rule 1.3, provides that disbarment is generally appropriate when a lawyer "knowingly fails to perform services for a client and causes serious or potentially serious injury to a client" or "engages in a pattern of neglect with respect to client matters and

_____

[8] The Board considered in mitigation that Greene provided documented proof of a prior mental health diagnosis and "admits" that his conduct in these matters related to his underlying mental health issues, see ABA Standard 9.32 (c) (personal or emotional problems), and that it also received correspondence from Greene that included his admission to misconduct and remorse for the same. See ABA Standard 9.32 (l) (remorse). However, no such documents are in the record before us, and so we decline to consider either as a mitigating factor. See *In the Matter of Cleveland*, 317 Ga. 515, 518 n.14 (893 SE2d 692) (2023).

9

causes serious or potentially serious injury to a client." ABA Standard 4.41 (b), (c). Here, the Board concluded that Greene knowingly violated Rule 1.3 in his representation of the three clients, that he engaged in a pattern of neglecting client cases, and that his misconduct caused his clients (and their family members) economic loss, and even caused one client to experience an extended period of incarceration.[9] Thus, the Board concluded, disbarment is the presumptive sanction for these Rule 1.3 violations. See *In the Matter of Briley-Holmes*, 304 Ga. 199, 205 (815 SE2d 59) (2018) (on special master's report and recommendation, concluding that disbarment was appropriate for attorney who abandoned seven clients and violated Rules 1.3, 1.4, and 1.16). Additionally, the Board noted that this Court frequently disbars lawyers who repeatedly abandon their clients. See *In the Matter of Ellison*, 282 Ga. 647 (651

---

[9] The reference to the extended period of incarceration appears to be a reference to the Jones County client's stated desire to cooperate that Greene did not convey to the prosecutor. We note that it is not entirely clear from the record to what extent the client's period of incarceration would have been shorter had Greene been more diligent. But we nonetheless conclude that ABA Standard 4.4 applies and disbarment is appropriate here.

SE2d 746) (2007) (disbarring attorney on Review Panel's report and recommendation where attorney abandoned multiple clients); *In the Matter of Peebles*, 280 Ga. 229 (626 SE2d 488) (2006) (disbarring attorney on notices of discipline in six matters for conduct that included abandonment of multiple clients' legal matters).

The Board also concluded that Greene's violations of Rules 1.2 (a), 1.5 (a), and 3.2 demonstrated a violation of his duties owed to the legal profession and the legal system, a lack of diligence owed to his clients, and his failure to maintain personal integrity. See ABA Standards 4.4, 5.1, and 6.2. In sum, the Board found that Greene's consistent failure to attend court appearances, to notify clients of scheduled court appearances, and his overall disregard of court orders supported disbarment. See generally *In the Matter of Lain*, 311 Ga. 427 (857 SE2d 668) (2021) (on special master's report and recommendation, concluding that disbarment was appropriate for multiple matters that included attorney's failure to consult with client, causing client to attend hearing without counsel; charging client unreasonable fee without performing work; and causing

11

unnecessary delay by failing to communicate). Greene has not submitted any filings in this Court as to these matters.

Having reviewed the filings in these cases, we conclude that disbarment is the appropriate sanction for Greene's misconduct in these matters, which we hold violated Rules 1.2 (a), 1.3, 1.4 (a) (3) and (4), 1.5 (a), 1.16 (d), and 3.2. Disbarment is also consistent with the sanction imposed in similar cases. See, e.g., *In the Matter of Larson*, 305 Ga. 522 (826 SE2d 99) (2019) (disbarring attorney who abandoned multiple clients, failed to respond to notices of discipline, and had prior disciplinary history); *In the Matter of Moore*, 303 Ga. 296 (811 SE2d 343) (2018) (disbarring attorney who abandoned multiple clients and failed to respond to notice of discipline). Accordingly, it is hereby ordered that the name of Michael Frederick Greene be removed from the rolls of persons authorized to practice law in the State of Georgia. Greene is reminded of his duties pursuant to Bar Rule 4-219 (b).

*Disbarred. All the Justices concur.*